# REPORTS

OF

# CASES ARGUED AND DETERMINED

## AT JUNE TERM, 1862.

---

## CROCKETT (A SLAVE) vs. THE STATE.

[INDICTMENT FOR MURDER.]

1. *Competency of juror.*—An assault with intent to commit murder is "an offense of the same character" as murder, within the meaning of the statute (Code, § 3583) defining the grounds of challege to jurors in criminal cases.

2. *Homicide of slave by slave; sufficiency of verdict.*—The murder of a slave by another slave is an offense within the provisions of section 3312 of the Code; and since the statute does not create different degrees of the offense, it is not necessary that the verdict should specify any degree.

FROM the Circuit Court of Pike.
Tried before the Hon. JOHN COCHRAN.

No counsel appeared for the prisoner.
M. A. BALDWIN, Attorney-General, for the State.

A. J. WALKER, C. J.—We are not informed, either by an argument, or by an assignment of errors, of the points which those representing the appellant designed should be

examined by us. After a most careful examination of the record, we have been able to find no error in the proceedings of the circuit court, and its judgment must be affirmed. We proceed, however, to note and remark upon the questions raised by the appellant's exceptions.

1. A juror, who had been, within twelve months, indicted for an assault with intent to commit murder, was rejected, the prisoner objecting. Section 3583 of the Code makes the indictment, within twelve months next preceding, for an offense of the same character as that alleged against the prisoner, a ground of challenge. An assault with intent to commit murder, is an offense of the same character with murder. They differ only in this, that in murder the purpose is accomplished. The will and the tendency of conduct are precisely the same in both cases. The identity of "*character*" between those two offenses is as manifest, as between an assault and a battery; and the question here is the same with that which would arise, if one indicted for an assault had been challenged on the trial of one charged with a battery.—See *Johnson · v. State*, 29 Ala. 62.

[2.] It seems to have been contended for the prisoner below, that the murder of a slave by a slave was not punishable under the laws of the State; and that, if it was, it was requisite for the jury to specify in their verdict the degree of the offense. The first clause of section 3312 of the Code, it is settled by the case of *Seaborn & Jim v. State*, (20 Ala. 15,) includes the offense of murder of a slave by a slave.—Clay's Digest, 272, § 2; Code, §§ 3312, 3314. Murder, committed by a slave, is not divided into degrees; and the jury could, therefore, not be required to specify the degree in their verdict.—*Mose v. State*, 35 Ala. 421.

The judgment of the circuit court is affirmed, and the sentence of the law must be executed as therein ordered.