## MICHAEL LAVIN

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

JURY—*question to elicit whether juror has a bias, etc.* On the trial of one indicted for selling intoxicating liquor to a person in the habit of getting drunk, the court sustained an objection to the following questions, asked the jurors by the defendant: 1. "Are you a member of a temperance society?" 2. "Are you connected with any society or league organized for the purpose of prosecuting a certain class of people under what is called the new temperance law of the State, or have you ever contributed any funds for such a purpose?": *Held*, that the court erred in refusing the questions, as they were clearly proper to enable the defendant to exercise his right of peremptory challenge.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. WILLIAM VOCKE, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

At the October term of the Criminal Court of Cook county, an indictment was found by the grand jury, against Michael Lavin, for selling intoxicating liquors to a certain person who was in the habit of getting intoxicated.

At the January term, 1873, of the court, a trial was had before a jury, and the defendant found guilty.

In selecting a jury to try the cause in the Criminal Court, the defendant propounded to each juror called, the following questions:

*First.* Are you a member of a temperance society.

*Second.* Are you connected with any society or league organized for the purpose of prosecuting a certain class of people, under what is called the new temperance law of the State; or have you ever contributed any funds for such a purpose?

The people, by the State's Attorney, objected to the jurors answering the questions, and the court sustained the objection, and would not permit the jurors to answer, and to this ruling of the court defendant excepted.

It is the policy of our laws to afford each and every person who may have a cause for trial in our courts, a fair and impartial trial. This can only be done by having the mind of each juror who sits to pass judgment upon the life, liberty or rights of a suitor entirely free from bias or prejudice. In order to determine whether the person who may be called as a juror possesses the necessary qualifications, whether he has prejudged the case, whether his mind is free from prejudice or bias, the suitor has the right to ask him questions, the

answer to which may tend to show he may be challenged for cause, or disclose a state of facts from which the suitor may see proper to reject such juror peremptorily.

In case of *The Commonwealth* v. *Egan et al.* 4 Gray, 18, which was an indictment for being common sellers of spirituous liquors, Egan, before his cause was opened to the jury, inquired if any member of the panel belonged to the Carson League, and one answered that he was a member of said league; that, as he understood it, the object of the society was to prosecute persons for violation of the liquor law, so called; that assessments were made upon members for the purpose of carrying out the objects of the society; that they had paid one assessment, and expected to pay more; that there was nothing in the existence of this membership to prevent his giving a fair and impartial verdict according to the evidence. The defendant objected to the juryman, but the court overruled the objection, and allowed him to remain on the panel. The appellate court, in deciding the case, said:

"We deem it to be our duty to say, that, in our judgment, the members of any association of men combining for the purpose of enforcing or withstanding the execution of a particular law, and binding themselves to contribute money for such purpose, can not be held to be indifferent, and therefore ought not to be permitted to sit as jurors in the trial of the cause in which the question is, whether the defendant shall be found guilty of violating that law."

In case of *The People* v. *Reges et al.* 5 Cal. 347, the Supreme Court of California, on a case analogous, held substantially as did the court in Massachusetts.

We are not, however, in this case, called upon to decide whether an affirmative answer to the questions propounded to the jurors would have been ground of challenge for cause. The questions were asked with a view to call out facts upon which to base a peremptory challenge, and for this purpose they were proper, and should have been answered.

20—69TH ILL.

That the refusal of the court to permit the questions asked to be answered, was error, for which the judgment should be reversed, there can be no doubt. *Brooks* v. *Bruyn*, 35 Ill. 395; *Bissell* v. *Ryan*, 23 Ill. 566.

It can not be said the cause was tried by a jury, such as is contemplated by law.

The other questions raised in the case are settled by the case of *McCutcheon* v. *The People*, *post*,601.

For the error indicated the judgment will be reversed and the cause remanded.

*Judgment reversed.*