# CITY OF VANDALIA
## v.
## DEBBIE. SEIBERT.

*Practice—Examination of Jury.*

1. The right to a trial by an impartial jury, is fundamental. The law permits an examination to ascertain whether, or not, the jurors are impartial, as between the litigants. If certain facts are ascertained by one examination, they constitute cause of challenge. The field of inquiry is not limited, however, to the ascertainment of these facts alone.

2. Within the general limits of propriety and pertinency, the examining counsel may search for facts that will reasonably justify a peremptory challenge. A right to the discretionary exercise of three peremptory challenges in civil cases, implies a corresponding right of entering upon subject-matters of inquiry, within the rule above prescribed, which might lead to the discovery of facts that might be made the basis for the intelligent exercise of such discretionary right.

3. In the case presented, this court holds as error the refusal to allow defendant's attorney, in the examination of the jury prior to its acceptance, to ask if the attorneys for the plaintiff were at such time in the employ of any juror in any case not disposed of.

[Opinion filed June 26, 1893.]

APPEAL from the Circuit Court of Fayette County; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Mr. JOHN A. BINGHAM, for appellant.

Messrs. HENRY & GUINN, for appellee.

MR. JUSTICE SAMPLE.   The appellee recovered a judgment

for an injury caused, as alleged, by a defective sidewalk,
allowed to become so, as claimed, by the negligence of the
appellant. The usual errors are assigned. The only one that
we think can be maintained, or at least of a sufficiently seri-
ous character to require reversal, is the following, more fully
expressed in the written motion for new trial: The court
erred in refusing to allow defendant's attorney, in the exam-
ination of the jury prior to its acceptance, to ask the jurors
if the attorneys for the plaintiff, Henry & Guinn, were now
in the jurors' employ in any case now in court not disposed
of. The record shows that the appellant's attorney desired
to ask of each juror, whether Henry & Guinn were in their
employ as attorneys, which inquiry the court refused to
allow. An affidavit filed in support of the motion for new
trial shows the facts to be, that at the time of the trial, Henry
& Guinn were the attorneys for Henry Chrisman, one of the
jurors who sat upon the trial of this case, which fact was not
known until after the trial; the affidavit further states that
such relation, it was believed, did influence Chrisman, and
that had the court permitted the inquiry in regard to the
relation of the jurymen to said attorneys, the fact would
have been disclosed and the jurymen challenged, as the de-
fendant when the jury was accepted had two peremptory
challenges left, one of which at least, could have been used
upon said Chrisman.

The record is sufficient to raise the question whether it is
competent and proper to ascertain if the relation of attor-
ney and client subsists between any of the jurymen sitting
in the trial of a cause, and the attorneys on either side try-
ing the same. It is sufficient to raise the further question,
whether, if such inquiry is improperly refused and such re-
lation is shown to have existed at the time, the error is a
reversible one. The right to a trial by an impartial jury is
fundamental. The law permits an examination to ascertain
whether or not the jurors are impartial, as between the liti-
gants. If certain facts are ascertained by such examination,
they constitute cause of challenge. The field of inquiry is
not limited, however, to the ascertainment of these facts
alone.

Beyond that field the range of inquiry is largely within the discretion of the examining counsel, supervised by the court. He is free to challenge, within the number limited by the law, without giving any reason therefor. Therefore, within the general limits of propriety and pertinency, the examining counsel may search for facts that would reasonably justify a peremptory challenge. A right to the discretionary exercise of three peremptory challenges in civil cases, implies a corresponding right of entering upon subject-matters of inquiry, within the rule above prescribed, which might lead to the discovery of facts that might be made the basis for the intelligent exercise of such discretionary right. As on the part of the city it would have been an intelligent and prudent exercise of the right to have peremptorily challenged a juror from the box who was known to sustain the relation of client to counsel trying the case for the plaintiff, so, it seems to us, it was substantial error to refuse to permit an inquiry, which, as the record shows, would have disclosed that fact, and upon which disclosure the discretionary right to a peremptory challenge would have been exercised. While such relation might not affect the juror even imperceptibly, yet if the verdict is in favor of the client of such attorneys sustaining such relation to such juryman, it will be difficult for the opposite party, losing the suit, to be relieved of the impression or fear that such relation had something to do with the result. Men know by their own experiences, the close relation that exists between attorney and client in an important law suit pending, and as a rule, do not desire that the possibility of the influences of such relation shall come between them and the impartial adjustment of their rights. As the defeated party must submit to the judgment of the law, he does so more cheerfully, if assured that the jury before which his case was tried, was entirely impartial.

For the reasons stated we are constrained to reverse and remand this case.

*Reversed and remanded.*