State vs. Whitesides.

*Walter J. Burke* for Defendant, Appellee.

Submitted on briefs January 5, 1897.

Opinion handed down January 18, 1897.

---

No. 12,393.

STATE OF LOUISIANA VS. JAMES WHITESIDES.

This court is not required to assign counsel to an accused except on his application showing inability to employ counsel.

The rule is stringent that the defendant, if he does not interrogate the juror as to his qualifications, can not take advantage of the disqualifications of the juror after verdict.

If the juror swears falsely on his *voir dire* and the fact is discovered after verdict, the disqualification may be urged as ground for a new trial. The fact of disqualification must be shown by other testimony than that of the juror.

In the refusal to grant a new trial, and in the discipline of the court in allowing time to file motions and to hear arguments, in all matters referred to his sound discretion, the Supreme Court will not disturb the rulings of the District Judge, unless they are arbitrary and manifestly inflict a wrong upon the accused.

APPEAL from the Twenty-first Judicial District Court for the Parish of Jefferson. *Rost, J.*

*M. J. Cunningham,* Attorney General, and *Robert J. Perkins,* District Attorney, for Plaintiff, Appellee.

---

*William L. Thompson* and *Thomas F. Maher,* for Defendant, Appellant.

---

Argued and submitted January 23, 1897.
Opinion handed down February 1, 1897.
Rehearing refused March 1, 1897.

---

The opinion of the court was delivered by

McENERY, J.   The defendant by information was charged with an attempt to commit the crime of arson.   He was convicted and sentenced to hard labor for five years.   He made application for the assignment of counsel, but managed his own case, challenged jurors, examined witnesses and made an argument in his own behalf before the jury.   The record shows no error in the trial of the case.

After his conviction the accused employed counsel to take charge of his case.   His counsel presented the following motion for a new trial, which the judge could, on its face, have instantly overruled with propriety:

" On motion of William L. Thompson, attorney, and Thos. F. Maher, of counsel for the accused, and upon suggesting to this Honorable Court that the conviction and jury verdict of guilty as rendered against the accused in the above entitled and numbered cause is contrary to the law and the evidence, and that the trial of the case was conducted with grave irregularity, which prevented him from getting the benefit of substantial justice.

" That the verdict is contrary to the law in this, to-wit: That the jury did not give the proper consideration to the charge of the court as to the weight, application and effect of circumstantial evidence, and the legal construction and difference between circumstantial and positive evidence.

" That the jury disregarded and did not intelligently understand the charge of the court as to what is known in the law as the reasonable doubt, and that the jury did not follow the instructions of the court, and give to the accused the benefit of the reasonable doubt.

" That the composition of the jury which found the accused guilty was not the character of jurors having the capacity to serve as grand and petit jurors as provided by Art. 116 of the Constitution of this State and the jury laws passed in conformity therewith, and it was only after the trial and verdict that he made this discovery, and that he could not have made this discovery before or during the examination of the tales jurors, while being examined upon their *voir dire*, by the exercise of due diligence, as he was not represented by counsel before, at or during his trial.

" That a majority of the jurors impaneled and sworn to try the accused, and did try the accused, expressed a pronounced opinion as to the guilt of the accused previous to their being selected to try him, and being unrepresented by counsel before and at the time the jury was being impaneled and sworn he could not interpose the proper legal objection to the jurors while on their *voir dire*, and he did not waive any of his legal right to a fair and impartial trial, as this state of facts could not have been discovered by the accused by the use of due diligence and was only discovered since his trial and conviction.

" That the Constitution of this State gives the accused the right to have the assistance of counsel to defend him, and the laws of this State provide and make it the duty of the court to appoint counsel to defend him.

" That the accused was charged with the commission of a felony, and under the laws of this State it was made the duty of the court to appoint counsel learned in the law, to represent him so as to secure his legal as well as constitutional rights guaranteed to him by the Constitution and laws of this State, and that the accused was not represented by counsel.

" That the accused was unable to employ counsel learned in the law at the trial of this case, and owing to his inability to employ counsel and being unrepresented by counsel he was not allowed to make his full defence.

" That since the trial of the case the accused has discovered evidence which he could not produce at the former trial of the case by the exercise of any degree of diligence on his part. That the newly discovered evidence is material, and not merely collateral, or cumulative, or corroborative or impeaching, and the said evidence will produce a different result on the merits on another

trial.   That the said newly discovered evidence will go to the merits and not rest on merely a technical defence.

"That the court erred in permitting the District Attorney to comment on other charges of arson charged against this defendant. That said argument appealed to the passions and prejudices of the jury, and was illegal, and should have been so charged by the court.

" That the court erred in allowing testimony of two bottles of coal oil to go to the jury as evidence, without first connecting defendant with said coal oil, and some attempt to use the same on a dwelling house.

" That the evidence was not responsive to the charge of attempting to set fire to a dwelling house in the parish of Jefferson.

" That in character the newly discovered evidence will prove that the police authorities of this parish on the night of the arrest of the accused, and at the time of the offence, and at the place where the alleged attempt at arson was committed, made a careful investigation, and were unable to find any evidence after several hours' search, in and about the premises, that could or would connect the accused with the commission of such an offence, and that it was only the next day, or many hours after the complainant caused the arrest of the accused, that two bottles containing coal oil were found upon the adjoining unoccupied house, which was open at all hours of the day and night to the public; that the bottles containing the oil were found, and it was only after the brother of the accused had asserted that the complainant, or the party who claimed that an attempt was made to set fire to his house, would be held responsible for the false accusation made against his brother, the accused, that the bottles containing the coal oil were found, and it was owing to this character of circumstantial evidence, and the only evidence that caused the conviction."

There was no obligation on the court to appoint counsel for the accused unless he applied for the same, alleging his inability to employ counsel.

Having undertaken his own case, he must abide the consequences. It is certainly no reason for reopening the case that he had failed to avail himself of the privilege of having counsel assigned him.

It will be noticed that the greater part of the motion relates to matters which should have been urged in the course of the trial, and can not be urged as grounds for a new trial.   This extends even

to that part of the motion in relation to the charge that the jury which tried the accused did not have the qualifications required by law. The rule is stringent that the defendant, if he does not interrogate as to the qualifications of the juror, can not take advantage of the want of the necessary qualification after verdict. State vs. Bird, 38 An. 497; State vs. Bower, 26 An. 383; State vs. Kennedy, 8 Rob. 590; State vs. Nolan, 13 An. 276; State vs. McLean & Hamilton, 21 An. 546.

If the juror answers falsely and this fact is afterward ascertained for the first time after verdict, this disqualification may be urged as grounds for a new trial. The fact of incompetency must be shown by other testimony than that of the juror. State vs. Nash and Barnett, 45 An. 1137.

Complaint is made of the refusal of the trial judge to issue compulsory process for the witnesses, the jurors, and one Martin to prove what is alleged as newly discovered evidence. There is no averment or statement as to any fact which the witnesses were expected to prove. The motion seems to have been formed for the purpose of searching for evidence. Certainly, if any fact had come to the knowledge of the accused after verdict, he could have alleged it. We do not think the judge was called upon to make the court the means of searching for facts which would serve the accused in his efforts for a new trial. But if it were a fact that some of the jurors were not qualified, this could not be urged for a new trial, as it is not shown that the person was interrogated on his *voir dire* as to his qualification and swore falsely. Same authorities quoted above.

The motion was tried, and there were a number of bills of exception reserved to the ruling of the court.

Several of the bills relate to the refusal of the judge to summon the twelve jurors who tried the case. We have passed upon this point.

The accused was not entitled to compulsory process for obtaining witnesses in his favor in support of a motion for a new trial. State vs. Gauthreaux *et al.*, 38 An. 608.

Evidence was offered on the motion for a new trial to prove that the District Attorney in his argument referred to other attempts and trials therefor, for arson alleged to have been committed by the accused. There was no objection urged to the argument on the trial and no ruling of the judge required thereon. The District

Attorney, however, in his testimony fully explans the reason for his argument, being called for by the testimony of the accused in his own behalf.

There were many objections and rulings thereon in the course of the trial of the motion. It is unnecessary to notice them. No part of the evidence sought to be introduced could have been of benefit to the accused, and the legal principles involved are not such as to serve any useful purpose. A great deal of the testimony was an effort to retry the case, or to show the weakness or unreliability of testimony on the trial.

The accused applied for additional time to prepare a motion in arrest of judgment. The application was made on the last day of the term. This was refused. Counsel then asked for half an hour in which to prepare the motion. This was granted, but without the privilege to argue it. Counsel for accused declined to accept this ruling. We are not informed on what ground the motion would be urged. It is not shown that the accused has, in any way, been prejudiced by the ruling of the trial judge.

In the refusal to grant a new trial, and in the discipline of the court, in allowing time to file motions and to hear arguments in all matters referred to his sound discretion, we will not disturb his rulings, unless they are arbitrary and manifestly inflict or do a wrong to the defendant. This is the uniform jurisprudence of the State.

Judgment affirmed.