# Charleston *v.* State.

*Indictment for Murder.*

1. *Trial and its incidents; competency of juror.*—An assault with intent to murder is "an offense of the same character" as murder, within the meaning of the statute (Code, § 5016), defining the grounds of challenge of jurors in criminal cases; and when one who is summoned as a juror for the trial of the defendant under an indictment for murder, is shown to have an indictment for assault with intent to murder pending gainst him, it is proper for the court to sustain a challenge for cause of such juror.

APPEAL from the Criminal Court of Jefferson.
Tried before the Hon. DANIEL A. GREENE.

The appellant in this case was indicted, tried and convicted of murder in the first degree and sentenced to be hanged. The facts of the case pertaining to the only question reviewed on the present appeal are sufficiently stated in the opinion.

No counsel marked as appearing for the appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited *Crocker v. State*, 38 Ala. 387; *Johnson v. State*, 29 Ala. 62.

TYSON, J.—The only exception reserved upon the trial was to the ruling of the court sustaining a challenge for cause by the State of a juror on the ground that there was pending in the trial court an indictment against him, preferred within the last twelve months, for an assault with intent to murder.

Subdivision 3 of section 5016 of the Criminal Code prescribes as one of the grounds of challenge for cause of a juror, "that he has been indicted within the last twelve months for an offense of the same character as

[Durrett v. The State.]

that with which the defendant is charged." This iden-
tical point was ruled upon in the case of *Crockett v. The
State*, 38 Ala. 387, and the challenge sustained. It was
there said: "An assault with intent to commit murder,
is an offense of the same character as murder. They
differ only in this, that in murder the purpose is accom-
plished. The will and the tendency of conduct are pre-
cisely the same in both cases. The identity of *'character'*
between the two offenses is as manifest, as between an
assault and a battery; and the question here is the same
with that which would arise, if one indicted for an as-
sault had been challenged on the trial of one charged
with a battery."

There is no error in the record, and the judgment must
be affirmed.