NATIONAL BANK OF ROLLA, Appellant, v. W. T. ROMINE et al., Respondents.

Springfield Court of Appeals, April 3, 1911.

1. **JURY: Examination on Voir Dire.** Where the jurors on their voir dire examination had qualified as being without prejudice against either party and that they would try the cause fairly on the testimony and according to the law as declared by the court, it was *held* not error for the trial court to refuse to permit a more detailed examination by plaintiff's counsel relating to the particular facts that might be developed in the case and whether or not the jury would follow the law governing such facts.

2. **EVIDENCE: Pleading: Bills and Notes: Failure of Consideration: Fraud.** In an action on a promissory note the defendants in their answer had set up that the note had been obtained through fraud. Plaintiff claimed to be an innocent purchaser. A failure of consideration was not pleaded in the answer and it was contended by appellant that the trial court erred in admitting testimony tending to show a failure of consideration. The testimony is examined and *held* that its admission was not error for the reason that although it showed a failure of consideration it was also a part of the general scheme to defraud and when considered in that light stood upon the same footing as other representations made at the same time in furtherance of the fraudulent purpose.

3. **BILLS AND NOTES: Pleading: Failure of Consideration: Harmless Error.** In an action on a note where the defendants claimed that the note had been obtained through fraud, it was *held* improper to submit the issue of failure of consideration where such failure had not been properly pleaded. But where it appeared that this issue was submitted by an instruction, either asked by plaintiff or at least without any objection upon plaintiff's part, the error was not prejudicial.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Harry Clymer* and *Frank H. Farris* for appellant.

(1) The trial court erred in excluding the question asked the jurors on voir dire examination touching their qualifications to serve in the cause. Plaintiff was entitled to a trial before a jury free from bias or prejudice, and in order to determine whether the prospective jurors possessed such qualifications had the right to ask such questions, the answer to which might tend to elicit such information. State v. Mann, 83 Mo. 599; State v. King, 174 Mo. 658; Theobald v. Transit Co., 191 Mo. 415; Saller v. Shoe Co., 130 Mo. App. 720; Heidbrink v. United Railways, 133 Mo. App. 43; Billmeyer v. Transit Co., 108 Mo. App. 10. (2) The court erred in admitting testimony on the question of failure of consideration, and in submitting that question to the jury for the reason no such issue was raised by the answer. Northrup v. Ins. Co., 47 Mo. 444; Williams v. Mellon, 56 Mo. 262; Hudson v. Railroad, 101 Mo. 30; Kelerher & Little v. Henderson, 203 Mo. 511; Cushing v. Powell, 130 Mo. App. 578. (3) The trial court erred in refusing instruction No. 1-a requested by the plaintiff at the close of the whole case. Wilson v. Reddler, 92 Mo. App. 335; Bank v. Hammond, 104 Mo. App. 403; Bank v. Bank, 109 Mo. App. 665; Bank v. Leeper, 121 Mo. App. 688; Reeves v. Letts, 143 Mo. App. 199. (4) Defendant's instruction number 3 submitted to the jury the question of failure of consideration, which was an issue not raised by the answer. It is well settled in this state that it is reversible error to submit to the jury an issue not raised by the pleadings. Nugent v. Curran, 77 Mo. 328; Melvin v. Railroad, 89 Mo. 106; Woods v. Campbell,

110 Mo. 572; Aultman & Taylor Co. v. Smith, 52 Mo. App. 352; Glaves v. Morrow, 69 Mo. App. 389; Caffery v. Coal and Mining Co., 95 Mo. App. 180.

*Watson & Holmes* for respondent.

(1)   The court did not err in giving instruction No. 3 on the part of the respondent. Even though it was error to give this instruction, yet this identical proposi- tion was submitted to the jury by the appellant in in- struction No. 1, and it ought not now to be heard to com- plain of an alleged error that it committed because such alleged error was committed by the respondent.   It will also be observed that the appellant offered to sub- mit the same question in its instruction No. 1-a, which was refused by the court. Crum v. Crum, 132 S. W. 1073. (2)   The court did not err in refusing appellant's in- struction No. 1-a.   There is abundant evidence in this record tending to show that appellant's cashier had actual knowledge at the time he purchased the note in question that the same was without consideration and had been obtained by fraud from the makers.  Bank v. Romine, 136 Mo. App. 57.

COX, J.—This is the second appeal in this case. The first is found in 136 Mo. App., page 57, 117 S. W. 104.   In the first trial the verdict of the jury was in defendant's favor, and upon plaintiff's appeal the judg- ment was reversed and the cause remanded for new trial on account of error in the instructions.   The case was retried upon the same evidence and defendants were again successful and plaintiff has again appealed.

This action is based upon a promissory note payable to one C. A. Post, and made payable at the National Bank of Rolla of Rolla, Missouri, and plaintiff sues as endorsee.  The answer set up fraud and want of con- sideration and purchase by plaintiff with notice.

The first error complained of by plaintiff relates

to the action of the court in sustaining objection to a question asked by plaintiff of the jurors upon their voir dire examination. After the jurors had been interrogated generally and had answered satisfactorily counsel for plaintiff asked the following question:

"Q. As it has been stated before, by counsel, and by the court, this suit is upon a note claimed to have been executed by Mr. Romine to a man by the name of Post, as a consideration of purchase of a kitchen cabinet, or a patent right, now if it should develop that Mr. Romine actually received no valuable consideration for this note, would that fact preclude you from giving a verdict in favor of the Bank, if the court would instruct you that, under the law, the Bank would be entitled to a verdict if it purchased the note, before maturity, for a valuable consideration, and without the knowledge of this fraud being perpetrated by Post upon Romine?"

Upon objection being made to this question the court then asked the following question:

"Q. Gentlemen, have you got any prejudice, in any way, against either of these parties, plaintiff or defendant?"

To which question the entire panel of jurors answered in the negative.

"Q. Can you and will you go into the jury box and try the cause fairly on the testimony and the law, as declared by the court, what do you all say?"

To which question the entire panel of jurors answered "Yes".

The court then sustained the objection to plaintiff's question. Counsel for plaintiff now insists that this was error. It is conceded that the jurors were shown by their examination to have been competent jurors, but it is contended that the question should have been answered for the information of plaintiff in making his peremptory challenges.

We think great liberality should be allowed counsel in the voir dire examination of jurors to the end that all

information necessary to enable them to exercise their peremptory right of challenge intelligently may be secured; yet we are not prepared to say that error was committed in that respect in this case. It does not appear that anything new would, or could have been elicited had the question been answered. In answering questions asked by the court each juror stated that he was free from prejudice and would try the case fairly upon the evidence and the law as declared by the court. This was equivalent to saying that they would weigh the evidence fairly and then obey the instructions of the court in applying the law thereto, and this was all that the question asked by counsel for plaintiff sought to elicit. The answers given by the jurors to the questions asked by the court show that if they had been permitted to answer the question asked by counsel for plaintiff the answer would have been satisfactory, and hence, he has no cause for complaint.

It is next contended that error was committed by the court in admitting testimony tending to show a failure of consideration and in instructing the jury on that question because a failure of consideration was not pleaded in the answer as a defense. The general proposition that a party cannot recover or defend upon a cause of action not pleaded is too well established to require citation of authorities to support it, but we do not think this case within the rule. The evidence against which objection is lodged was to the effect that the consideration for the note in suit was the agreement of Post, the payee, to furnish defendants territory in which to sell a "kitchen cabinet" which it was claimed was patented, and that if he could not sell it in the territory first granted other territory was to be furnished until territory should be found in which it could be sold.

The evidence taken all together tends to show the following state of facts:

When Post first appeared at Rolla he secured a list of names of farmers in that county and took them to

Mr. French, cashier of plaintiff Bank, and Mr. French classified them for him, designating those good for five hundred dollars or more as class A; those good for two hundred to five hundered dollars as class B; and those not good as class C. Post also secured from Mr. French as cashier of the bank some sort of a recommendation which he afterward used to secure the confidence of defendants. In the negotiations leading up to the signing of the note defendant had been promised that territory would be furnished him in which the kitchen cabinet could be sold, and if it could not be sold in the territory first furnished other territory would be furnished until territory was found in which he could sell it. A guaranty that this would be done was to be furnished defendant. After the note was signed defendant asked for this guaranty, Post made the excuse that he was at the time busy and put him off, finally leaving the country without furnishing it at all. Defendant was given some sort of permission to sell the cabinet in Howell county and when he sent his brother there to try to sell the cabinet he found the territory had been previously canvassed in the interest of the same kitchen cabinet, or one so similar that sales in that county were impossible. Defendant could not, and did not, hear anything more from Post. We think that the evidence that the territory was not furnished as it had been promised was competent as tending to show, in connection with the other testimony, that Post, the alleged perpetrator of the fraud in securing the note, had no intention at the time the note was given of endeavoring to furnish territory in which the cabinet could be sold. He obtained notes from various parties, aggregating over two thousand dollars, sold them to plaintiff bank, then left and was not heard from thereafter. The evidence taken all together indicates that Post was a professional swindler, ready to make any representation or promise necessary to secure the signature of a solvent victim to a negotiable note which he could dispose of and then get away before the

wrath of his victims, or the clutches of the law, could overtake him. The representation that territory would be furnished in which the cabinet could be sold was a part of the general scheme to defraud, and, when considered in that light, stood upon the same footing as other representations made at the same time and in furtherance of the same fraudulent purpose. There was, therefore, no error in admitting this testimony.

A failure of consideration was not properly pleaded in this case, and that issue ought not to have been submitted to the jury, but as we view this case it was not prejudicial, and furthermore, the submission of that issue to the jury was invited or acquiesced in by the plaintiff, for the following instruction was given at plaintiff's request, or at least without objection upon plaintiff's part. Whether or not plaintiff asked this instruction does not clearly appear.

"Although you may believe there was a failure of consideration of the note sued on, you must still find for the plaintiff upon such defense if you believe it bought said note and said Post assigned it to plaintiff for value, before plaintiff had knowledge of such failure of consideration; and it devolves upon the defendants to establish the failure of consideration, and knowledge thereof on the part of the plaintiff before or at time of such purchase by the greater weight of the evidence".

This was the only instruction which submitted to the jury the issue of a failure of consideration and as it was not objected to plaintiff cannot now complain.

Plaintiff did object to instruction No. 3 given at the request of defendant and contends that his objection to the giving of this instruction saves the point to him here. This instruction is as follows:

"The court instructs the jury that in determining whether or not the plaintiff bank had knowledge of the failure of consideration of the note sued on, if you find the same was without consideration, or in determining

whether or not the plaintiff bank purchased said note in good faith, if you find plaintiff bank did purchase said note, you will take into consideration all the facts and circumstances shown in evidence, and in this connection you are instructed that it is not necessary for the defendants to prove such knowledge on the part of the plaintiff, or that it took said note in bad faith by direct evidence, but may prove same by facts and circumstances."

It will be noted that this instruction does not submit the issue of failure of consideration, but only tells the jury that such fact may be proven by circumstantial evidence. Having permitted the issue to go to the jury without objection he cannot now complain of this instruction which correctly told the jury that the issue of fact might be proven by circumstantial evidence.

The other questions raised were settled in the first appeal adversely to plaintiff's contention. The same verdict has been reached by two juries in this case. The last trial was free from substantial error and the judgment will be affirmed. All concur.