## HENDRY v. STATE. (1 Div. 438.)

Supreme Court of Alabama. March 31, 1927.

**1. Criminal law ☞134(1)—On application for change of venue, accused must show that impartial trial is improbable in county where alleged offense was committed.**

On application for change of venue, burden is on defendant to show, to reasonable satisfaction of court, that impartial trial and unbiased verdict cannot be reasonably expected in county where alleged offense was committed.

**2. Criminal law ☞134(4)—Evidence held insufficient to warrant change of venue in murder case because defendant was deprived of an unbiased jury.**

Evidence held insufficient to warrant change of venue in prosecution for murder because of defendant's activity in behalf of law enforcement and alleged connection of deceased with bootlegging deprived defendant of an unbiased jury.

**3. Criminal law ☞126(1)—Tentative impression, received from newspaper accounts of alleged crime, cannot be made per se basis of change of venue.**

Tentative impression, which intelligent citizen gets from newspaper accounts of alleged crime and of preliminary proceedings in courts, cannot be made per se basis of change of venue.

**4. Jury ☞131(10)—In voir dire examination, court may inquire whether juror, within twelve months, has been indicted for felony, or offense similar to that charged (Code 1923, § 8610, subd. 3, and § 8645).**

In voir dire examination of juror as to qualifications under Code 1923, § 8645, is proper for court to inquire whether he has been indicted within twelve months for felony or offense of same character as that with which defendant is charged, in view of section 8610, subd. 3.

**5. Criminal law ☞655(4)—Court's withdrawal of question as to juror's qualification, with remark that he thought it proper but did not "want any question about it," held not error.**

Court's withdrawal of question on voir dire examination as to whether juror had been in-dicted within twelve months, on defendant's objection, with remark that he thought it proper question but didn't "want any question about it," *held* not error.

**6. Jury ☞67(2)—Where two citizens of same name and occupation reside in same precinct, one over age limit for jurors, and name is drawn, summons is properly served on one within age limit (Code 1923, § 8603).**

Where two citizens of same name and occupation reside in same precinct, one over and the other within age limit for jurors, and such name is drawn without identifying data, summons is properly served on one within age limit, since jury commission is presumed to have followed directions of Code 1923, § 8603, requiring that no person over age limit may be selected.

**7. Homicide ☞192—Evidence that deceased owned and operated still and was bootlegger held properly rejected as not showing aggressor in difficulty.**

In prosecution for murder, evidence that deceased and another owned and operated a still or that deceased was bootlegger, *held* properly rejected, since distinct offenses are inadmissible, and proposed evidence did not tend to show who was aggressor.

**8. Homicide ☞158(1)—Evidence of defendant's threats held not inadmissible as going into particulars of former difficulty.**

In prosecution for murder, evidence of threats by defendant *held* admissible as against objection that it went into particulars of former difficulty.

**9. Witnesses ☞372(2)—Cross-examination of state's witness as to ill feeling between her family and defendants' held properly disallowed, where relations were fully developed.**

In prosecution for murder, cross-examination of state's witness as to whether there had been ill feeling between her family and defendant's for several years *held* properly disallowed, where relations between witness and defendant were sufficiently developed.

**10. Criminal law ☞1170½(1)—Where witness testified fully as to deceased's threats, sustaining objection to particular form of question on such issue held harmless.**

In prosecution for murder, where defendant's witness testified fully as to threats made by deceased, sustaining objection to particular form of question on such issue, if error, was harmless.

**11. Witnesses ☞374(1)—Evidence that witness made affidavit for change of venue held properly admitted to show bias.**

In prosecution for murder, evidence that witness was same person who made voluntary affidavit on behalf of defendant for change of venue, *held* properly admitted as going to interest or bias of witness.

**12. Criminal law ☞659—Applause of audience attending trial should be promptly and vigorously suppressed.**

Misconduct of audience attending trial, by way of applause while trial is in progress, is

highly reprehensible, and should be promptly and vigorously suppressed in such manner that jury is made to see injustice of demonstration.

**13. Criminal law ⚖➠918(1)—Refusal of new trial for spectator's applause during solicitor's discussion of certain witness' testimony held proper, where court promptly quelled disturbance.**

Refusal of new trial for applause of spectators during solicitor's discussion of certain witness' testimony *held* proper, where court promptly quelled such applause and defendant's counsel did not ask further action.

**14. Criminal law ⚖➠918(1)—To obtain new trial for spectators' misconduct, it must appear that court's action probably injuriously affected defendant's substantial rights.**

In order to obtain new trial for applause of spectators attending trial in prosecution for murder, it must be made to appear that some action or nonaction of court in premises probably injuriously affected substantial rights of defendant.

**15. Criminal law ⚖➠1144(10)—Where spectators' applause was promptly quelled, and defendant's counsel asked no further action, it will be presumed that court dealt with matter effectively and properly.**

Where applause of audience attending trial was promptly quelled by court, and defendant's counsel did not ask further action, it will be presumed that court dealt with matter effectively and properly.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

J. H. Hendry, alias Hub Hendry, was convicted of murder in the second degree, and he appeals. Affirmed.

Granade & Granade, of Chatom, for appellant.

The atmosphere was such that defendant could not secure a fair and impartial trial in the county and his motion for a change of venue should have been granted. Howard v. State, 159 Ala. 41, 49 So. 108. Argument which amounts to testimony by the attorney is improper and objection thereto should be sustained. Cross v. State, 68 Ala. 476; Peel v. State, 144 Ala. 125, 39 So. 251; Sykes v. State, 151 Ala. 80, 44 So. 398. Counsel argue the other questions raised and treated, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

On motion for change of venue the burden is on the defendant to show that a fair and impartial trial and unbiased verdict cannot be reasonably expected. Baker v. State, 209 Ala. 142, 95 So. 467. No prejudicial error in action of the court as to the applause by the spectators is shown. Riley v. State, 209 Ala. 505, 96 So. 599; Dempsey v. State, 15 Ala. App. 199, 72 So. 773. The remark of the

court in withdrawing a question to a venireman was without error. Meinaka v. State, 55 Ala. 47; Campbell v. State, 55 Ala. 80.

BOULDIN, J. [1] On application for change of venue, the burden is on the defendant to show to the reasonable satisfaction of the court that an impartial trial and an unbiased verdict cannot reasonably be expected in the county where the alleged offense was committed. Seams v. State, 84 Ala. 410, 4 So. 521; Godau v. State, 179 Ala. 27, 60 So. 908; Baker v. State, 209 Ala. 142, 95 So. 467.

[2] We have examined with care the affidavits in support of the application and the counter affidavits offered by the state. Without extended discussion, it is our conclusion the defendant did not bring himself within this rule as often applied in this state. The affidavits for the defendant and for the state, taking facts and opinions disclosed for their relative values, and considering the opportunities of affiant to know the state of the public mind at the time of the trial, it cannot be affirmed there was any unusual excitement, or aroused feeling that would tend to create a moral duress upon the minds of jurors, or disqualify them from bias to hear and try the case upon the evidence under their oaths.

[3] The news items in the Washington County News, a newspaper under the control of the prosecuting counsel, were customary reports of the results of the preliminary trial and application for bail, free from denunciation or expressed opinion, giving a very brief summary of the evidence on both sides with apparent impartiality. The tentative impression which the intelligent citizen gets from newspaper accounts of alleged crime and of preliminary proceedings in the courts cannot be made per se the basis of a change of venue. Otherwise, in this day of publicity, the competent reading jurors of the entire state or even of the nation, might become disqualified.

The affidavits of Mississippi witnesses for defendant, expressing fear to come into Washington county to give testimony, not regarded by the trial court of controlling importance, will now be viewed in the light of the fact that two of them, within ten days thereafter, did appear and give evidence on the trial.

It is not apparent, taking the evidence as a whole, that defendant's activity in behalf of law enforcement, and the alleged connection of deceased with wild-catting or bootlegging led to such prejudice or bias affecting the qualified jurors of the county, as would or did deprive defendant of a competent unbiased jury.

[4, 5] In the voir dire examination of a juror as to his qualifications (Code, § 8645), it is proper for the court to inquire whether he has been indicted within the last twelve

months for a felony or an offense of the same character as that with which the defendant is charged. Code, § 8610, subd. 3. The withdrawal of such question, upon objection by defendant, with the remark, "I think that is a proper question, but I don't want any question about it," was without error.

[6] In making up the jury roll by the jury commission, no person must be selected who is over 65 years of age. Code, § 8603. When two citizens of the same name and occupation reside in the same precinct, one over and the other within the age limit, and the name is drawn, without identifying data as between the two, the summons is properly served upon the one within the age limit. The jury commission is presumed to have followed the directions of the statute.

[7] Evidence that deceased and Grandquest owned and operated a still, or that deceased was a bootlegger, was properly rejected. That distinct offenses are, as a rule, inadmissible is elementary. The proposed evidence was not so connected with the difficulty in which deceased lost his life as to render it admissible to show who was the aggressor.

[8] The evidence of threats toward defendant, growing out of alleged interference of defendant with deceased's dealings with Cooley Bell, a negro on defendant's place, were fully developed in the evidence, and the other proposed evidence involved collateral controversies too remote. Davis v. State, 213 Ala. 541, 105 So. 677; Harden v. State, 211 Ala. 656, 101 So. 442; Hill v. State, 194 Ala. 11, 69 So. 941, 2 A. L. R. 509; Gassenheimer v. State, 52 Ala. 313. The evidence of threats by defendant, deposed to by the witness Martin was admissible, and not subject to the objection that it went into the particulars of a former difficulty.

[9] The question to Esther Miller, a state's witness, on cross-examination, "There has been ill feeling between your family and Hub Hendry's for several years, since he (Hub Hendry) made your uncle's boy pay for that cow?" was properly disallowed. The relations between the witness and defendant were sufficiently developed.

The weapons owned or in possession of the deceased at and near the time of the difficulty were made the subject of full investigation. No conspiracy between him and other members, a party on a former occasion, was shown which would render admissible an inquiry as to what weapons were in the party.

[10] Defendant's witness W. O. Hendry testified fully as to threats made by deceased. Sustaining objection to a particular form of question on that issue was harmless.

[11] Evidence that the witness Dailey was the same person who made a voluntary affidavit on behalf of defendant for a change of venue was admitted without error as going to the interest or bias of the witness. It does not appear the affidavit or its contents were offered.

We find no reversible error in the other rulings upon evidence, nor upon the objection to the argument of counsel.

[12, 13] The record recites an agreed statement of facts as follows:

"On the trial of this cause, the courtroom of Washington county, Ala., was crowded, and during the argument of Solicitor Honorable Frank E. Poole, and while he was discussing the testimony of the state witness Esther Miller, the audience broke into applause, which the court promptly quelled; this all in the presence and hearing of the jury."

This was presented as ground of motion for a new trial. In overruling the motion, the court said:

"The court is of the opinion that the defendant in this case had a fair trial, and, having presided at the trial and witnessed the applause mentioned in the agreed statement of facts, and having observed the rigid cross-examination of Esther Miller by Mr. Granade, counsel for defendant, the court construed the applause as a tribute to the ability and earnestness of the witness, Esther Miller, who is a girl of tender years, and in no way deemed the applause as an expression of sympathy toward the state in this proceeding."

The testimony of Esther Miller, 12 years of age, was very material for the state. It went to the vital question as to who was the aggressor in the difficulty. If the applause, expressive of approval of her demeanor and evidence, was calculated to give undue prominence and effectiveness to her testimony, it might easily work injury to defendant, the same as would an expression of popular unfriendliness to the defendant.

[14, 15] Misconduct of bystanders, an audience attending the trial, by way of applause while the trial is in progress, is highly reprehensible, and should not be tolerated. When it occurs, it should be promptly and vigorously suppressed in such manner that the jury is made to see the ugliness and injustice of such demonstration. When thus promptly and effectively handled by the court in best position to see and determine the proper measures to be taken, the verdict of the jury will not usually be disturbed because of such misconduct. Like other issues on appeal in this state, it must be made to appear that some action or nonaction of the court in the premises probably injuriously affected substantial rights of the defendant. The record recites in general terms that the applause was promptly suppressed. It does not appear that vigorous counsel for defendant asked further action of the court. It will be presumed the court dealt with the matter effectively and properly. We find no error in refusing a new trial because of this occurrence. Dempsey v. State, 15 Ala. App. 199, 72 So.

773; State v. Perry, 149 La. 1065, 90 So. 406; 16 C. J. p. 176, § 2700, note 12.

Finding no reversible error in the record, the cause is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.