(124 So. 296)

**ROSE v. MAGRO.** (6 Div. 468.)

Supreme Court of Alabama. Oct. 24, 1929.

122

W. A. Denson, of Birmingham, for appellant.

Altman & Koenig, of Birmingham, for appellee.

THOMAS, J. The suit was civil action for homicide; the verdict was for defendant.

The plea of self-defense interposed was challenged on several grounds. Was it defective in the failure of averment of facts rather than the statements by way of conclusion? Vaughn v. Dwight Mfg. Co., 206 Ala. 552, 91 So. 77. It specifically averred that immediately before and at the time of the shooting of intestate by the defendant, the conduct of plaintiff's intestate was such as to justify a reasonably prudent person, under like circumstances, in believing his life was in danger, or that he was about to suffer grievous bodily harm at the hands of intestate, and that defendant so believed when he acted and used no more force than was reasonably necessary to prevent or escape such bodily harm at the hands of intestate. All the elements of self-defense are required to be embraced in a plea (Drummond v. Drummond, 212 Ala. 242, 102 So. 112; Kuykendall v. Edmondson, 208 Ala. 553, 94 So. 546) by the facts averred, and from which the conclusion employed follows as a matter of law (Kuykendall v. Ed-

mondson, supra; Vaughn v. Dwight Mfg. Co., supra; Bynum v. Jones, 177 Ala. 432, 59 So. 65).

■■ The urgent present and immediate peril, or the reasonable appearance thereof to defendant, of the existing necessity to take assailant's life as the preventive alternative must be shown; and that defendant so believed. White v. State, 209 Ala. 546, 96 So. 709; Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 798; Drummond v. Drummond, supra. That is to say, the averment that intestate "was about to inflict" upon defendant grievous bodily harm or death is tantamount to properly averring that defendant was in present impending peril, necessitating that he act as and when he did to save himself.

The jury was selected under the provisions of sections 8610, 8662, 8663, Code 1928. Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 694, 91 So. 779. In Batson v. State ex rel. Davis, Sol., 216 Ala. 275, 280; 113 So. 300, 305, it is declared:

"The right of parties to test jurors on the voir dire as to their qualifications or grounds of challenge (Section 8662, Code) is secured in civil and criminal cases in Nix v. Andalusia, 21 Ala. App. 439, 109 So. 182. The general rule is that in failing in a reasonable diligence in this behalf there is waiver of ground of challenge. 20 R. C. L. 241; 18 L. R. A. 475; 68 L. R. A. 885; 16 C. J. 1158.

"That is to say that the effect of the adoption of Section 8662 of the Code of 1923 authorizing either party, in civil or criminal cases, to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case, as in other states with like statutes, it is held that the parties in interest are charged with the duty of examining jurors on their voir dire for grounds of challenge, and, not so doing, cannot complain on motion for a new trial. Eastman v. Wight, 4 Ohio St. 156; State v. Jones, 89 S. C. 41, 71 S. E. 291, Ann. Cas. 1912D, 1298; Ryan v. Riverside [River Side & Oswego Mills] 15 R. I. 436, 8 A. 246; Stewart v. Ewbank, 3 Iowa, 191; State v. Whitesides, 49 La. Ann. 352, 21 So. 540; Arkansas Southern Railway Co. v. Loughridge, 65 Ark. 300, 45 S. W. 907; Ferrell v. State, 45 Fla. 26, 34 So. 220; Turner v. Hahn, 1 Colo. 23. The court called upon the parties to exercise their rights under the statute."

■■ It is generally held that it is not necessary that the matter, made the subject of timely and reasonable inquiry by the court or counsel, should constitute a ground for challenge for cause. Within the limits of propriety and pertinence, the parties (having respective peremptory challenges or struck jury), within the sound discretion of the court, had the right to reasonably and timely propound questions to jurors to enable such party or his counsel to intelligently exercise that right, though the matters of which inquiry are made are not a disqualification. Such are the general authorities: Stone v. Monticello Const. Co., 135 Ky. 659, 117 S. W. 369, 40 L. R. A. (N. S.) 978, 21 Ann. Cas. 640; O'Hare v. Railroad Co., 139 Ill. 151, 28 N. E. 923; Bridge Works v. Pereira, 79 Ill. App. 90; Nat'l Bank, etc., v. Romine, 154 Mo. App. 624, 136 S. W. 21; Fowlie v. McDonald, Cutler & Co., 85 Vt. 438, 82 A. 677; Lavin v. People, 69 Ill. 303; State v. Mann, 83 Mo. 589; Iroquois Furnace Co. v. McCrea, 191 Ill. 340, 61 N. E. 79; Donovan v. People, 139 Ill. 412, 28 N. E. 964; City of Vandalia v. Seibert, 47 Ill. App. 477.

In Burgess v. Singer Mfg. Co. (Tex. Civ. App.) 30 S. W. 1110, 1111, it is declared: "In examining jurors on their voir dire, parties have the right to ask them if they are members of the order of Knights of Pythias or Odd Fellows, and the court erred in not permitting appellant's counsel to examine jurors as to such matters."

■ It is undoubtedly true that the course and extent of the voir dire is largely within the discretion of the court. Quinn v. Halbert, 57 Vt. 178; Fowlie v. McDonald, Cutler Co., 85 Vt. 438, 82 A. 677, 680. In this jurisdiction it has been declared that it may be the subject of inquiry whether any of the jurors were city employees, in a matter in which that municipality is or was interested. Nix v. City of Andalusia, 21 Ala. App. 439, 109 So. 182; City of Birmingham v. Lane, 210 Ala. 252, 97 So. 728.

It is proper for the court, in voir dire examinations as to qualifications, under statute, section 8645, Code, to inquire as to whether the jurors have been indicted for a similar offense within the past twelve months. Hendry v. State, 215 Ala. 635, 112 So. 212; Charleston v. State, 133 Ala. 118, 32 So. 259.

In the recent case of Brown v. Woolverton, 219 Ala. 112, 121 So. 404, 407, which dealt with the question of disqualification for bias, Mr. Justice Foster said for the court: "We, of course, recognize and approve statements in many authorities requiring the removal from the jury of all conditions reasonably tending to show favor or bias. But, as we pointed out in the original opinion, except for a common-law principal cause or a statutory disqualification, it is a question of fact dependent upon the circumstances of each case. This was referred to in the case of Calhoun v. Hannan, 87 Ala. 277, 284, 6 So. 291, where the juror was an employé of defendants in another suit by the same plaintiff, involving the same issues, and set down for trial on the same day. It was said in the course of the opinion: 'The facts shown were sufficient to support a challenge for favor, the effect of which is to require an investigation by the court into the question whether the juror is biased in point of fact; but, of themselves, they are not suf-

ficient to show this, or to raise a disqualifying presumption of bias.' "

See also the case of Cooper v. Auman, 219 Ala. 336, 122 So. 351.

This inquiry of fact presupposed a reasonable and timely examination or cross-examination of jurors, subject to the sound discretion of the court. And in City of Birmingham v. Lane, supra, there were extracts quoted with approval from Leith v. State, 206 Ala. 439, 90 So. 687; Brazleton v. State, 66 Ala. 96, 98; and Burdine v. Grand Lodge of Alabama, 37 Ala. 478, 481.

In the case of Burdine v. Grand Lodge of Alabama, supra, Mr. Justice Stone declared: "Competency of corporator as juror, and as witness for corporation.—The society of freemasons being a purely charitable corporation, a member of the society cannot be said to have the smallest pecuniary interest in the event of a suit to which the society is a party; consequently, he is a competent juror, and a competent witness for the society." And the same rule was applied in Tucker v. Houston, 216 Ala. 43, 112 So. 360, as to qualification of members of the Methodist Church to sit upon a jury involving the interest of the Birmingham-Southern College, a Methodist institution.

The right of unions for lawful purposes, public and private, is well recognized by the decisions. Brotherhood of Railroad Trainmen v. Barnhill, 214 Ala. 565, 569, 108 So. 456, 47 A. L. R. 270; Grand Int. B. of E. v. Green, 210 Ala. 496, 98 So. 569. There was no disqualification of the jurors for cause to remain upon a jury where the private rights, as here, of the wife or child, or personal representative of a member, were the subject of judicial inquiry. Nor was there cause for challenge of a juror that one of the parties to the controversy to be tried was represented by the general attorney for the union of which a party or juror was a member. This, however, is not the saying that within the sound discretion of the court, jurors may not be reasonably examined on the voir dire and by counsel to ascertain material facts as to the juror on which to exercise the right of peremptory challenge. Mays v. State, 218 Ala. 656, 120 So. 163. We cannot say that the trial court has abused his discretion in this behalf in declining the examination. The statute (section 8662, Code) was not intended to take away the discretion of the trial court in such a matter. There was no error of the trial court in admitting the evidence as to the possession and ownership of the .44-caliber blue steel Smith & Wesson pistol at the time of the death by deceased, and that such pistol was in court when the defendant was tried for homicide. The inquiry of whether plaintiff had a priest out there, the day her intestate was shot, to marry her to intestate, or the nature and character of the business of

her intestate, or whether he had the reputation of being in the liquor business, were immaterial inquiries of fact. It was immaterial what provoked the difficulty, other than shown by the evidence of the shooting and the facts immediately preceding it as a part of the res gestæ, and as shedding light upon the action of the parties within the rule of self-defense that was specially pleaded by defendant.

The predicate laid by the clerk or stenographer, and that of Mr. Tate in the coroner's office, and the other evidence relating thereto, made relevant the receipt by Jennie Rose, administratrix, by her attorney, as to the .44-caliber Smith & Wesson pistol, as the property of plaintiff's intestate, as was shown by the evidence on the trial of the criminal charge against defendant. The paper tended to identify, describe, and explain the kind of pistol that was formerly in evidence in the criminal court, and that was made the subject of cross-examination in the instant trial; explained its absence in the present trial; it likewise had a tendency of corroboration of defendant's evidence, that intestate possessed at the time and was attempting to draw a pistol that defendant saw immediately before and at the time he fired the pistol shots. It is true, the words of the receipt, "The property of Joe Rose, deceased," were not binding upon the plaintiff as to the title to the property as that of Joe Rose. The paper had a tendency to show that she received it through her attorney of record as the property of her deceased husband, and tended to explain the failure of the coroner to produce the pistol on the last trial, and that it was given to the possession of plaintiff as his property. There was other evidence that there was delivery of the pistol to the attorney when he signed the receipt in question. The indictment and trial of defendant in the criminal division of the court was res inter alios acta in the last or civil trial. The admission in evidence of indictment over plaintiff's objection was prejudicial error, and works a reversal. Birmingham National Bank v. Bradley, 108 Ala. 205, 208, 19 So. 791. The reference by counsel in stating the case of the trial and acquittal of the criminal charge was beside the issues presented, and was properly excluded. Clark Co. v. Bailey, 201 Ala. 333, 77 So. 995; Standridge v. Martin, 203 Ala. 486, 84 So. 266; Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A. L. R. 1387; 56 A. L. R. 1452, 1522; Cleveland, etc., R. R. Co. v. Pritschau, 69 Ohio St. 438, 69 N. E. 663, 100 Am. St. Rep. 690, note. The later offer of the indictment should have been rejected on objection.

The general authorities touching remarks as to insurance apply or bear analogy to those of acquittal for the criminal charge. The text is as follows (56 A. L. R. page 1522): "There can be no doubt but that statements

by counsel for plaintiff, in arguing before the jury, implying or asserting that the defendant carries insurance and will not have to pay the verdict, if deliberately made, are so highly prejudicial as to require a reversal and a new trial, unless, of course, these arguments can be said to be legitimate comment on evidence properly in the case, or unless the defendant's own conduct may have invited or provoked such comment; and, if this is so, there is no reversible error." See, also, the case of Davis v. Quattlebaum, 210 Ala. 244, 97 So. 701; Metropolitan Life Insurance Co. v. Carter, 212 Ala. 215, 102 So. 130; Anderson v. State, 209 Ala. 44, 95 So. 171; Tennessee River Nav. Co. v. Walls, 209 Ala. 323, 96 So. 266; A. G. S. R. R. Co. v. Grauer, 212 Ala. 200, 102 So. 125; Standridge v. Martin, supra; Florence v. Field, 104 Ala. 471, 16 So. 538; Wolffe v. Minnis, 74 Ala. 386. Such statements are highly prejudicial.

The preliminary statements of counsel, "We expect the testimony to show that this man has been tried before a jury of 12 men and acquitted," and, "The jury ought to know that this case was tried before, and he was given a verdict," though both were ruled out by the court, should have been followed up by that of declination, on objection, of the indictment in the criminal charge. As to this ruling the bill of exceptions recites:

"Defendant here offered in evidence the indictment in case No. 44,494, State of Alabama v. Charlie Magro, charged with killing Joe Rose, in the Criminal Division of the Circuit Court of Jefferson County, Alabama.

"Plaintiff objected to the question on the ground that it was immaterial, irrelevant, incompetent and illegal, and not the best evidence.

"The Court overruled the objection, stating that said indictment was in evidence.

"Plaintiff excepted to the ruling of the Court."

In this action of the trial court there was reversible error. The foregoing will suffice for another trial.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.