3 So.2d 64

### ROSE v. MAGRO.
#### 6 Div. 348.

Supreme Court of Alabama.
May 15, 1941.

Rehearing Denied June 30, 1941.

Wm. Dowdell Denson, of Birmingham, for appellant.

Roscoe Chamblee, of Birmingham, for appellee.

**514**

LIVINGSTON, Justice.

On this, the second, appeal, this cause was submittted on motion to strike the bill of exceptions on the ground that it was not signed by the judge of the court within the time provided and allowed by law, and on the merits.

The motion to strike the bill of exceptions alleges, and the record shows, that plaintiff's motion to set aside the verdict of the jury and the judgment rendered thereon was denied November 18, 1937. The bill of exceptions was presented to Hon. Leigh M. Clark, the judge presiding at the trial of the cause, on February 15, 1938, and signed by him as a true bill of exceptions on April 16, 1941—more than three years after it was presented.

To avoid the operation of that part of section 6434, Code of 1923, Code 1940, Tit. 7, § 827, requiring the bill of exceptions to be signed within sixty days after presentation, appellant relies upon an agreement of counsel to the effect "that the bill of exceptions may be dated by Judge Leigh M. Clark, judge presiding, as of April 14, 1938." The last sentence of section 6434 is as follows: "The object and effect of this statute being to allow parties to waive or consent for the time of signing bills of exceptions."

The question here presented was decided adversely to the appellant in the case of Ettore v. State, 214 Ala. 99, 106 So. 508, 509, where the Court said: "The waiver or consent therein mentioned we construe to mean such as is indicated by a failure to move to strike upon submission of the cause on appeal." See, also, Beatty v. McMillan, 226 Ala. 405, 147 So. 180. It results that the motion to strike the bill of exceptions should be, and is, sustained.

As previously stated, this is the second appeal in this case. Rose, Adm'r'x, v. Magro, 220 Ala. 120, 124 So. 296. The basis of plaintiff's assignment of error numbered one is the action of the trial court in overruling plaintiff's demurrer to defendant's plea three. The record before us recites: "On this the 5th day of January, 1937, this cause being reached on the docket and called for trial, came the parties by their attorneys, and the court adopts previous ruling in overruling demurrer to complaint and previous rulings in overruling demurrer to plea three." This recital, together with the opinion rendered on former appeal, shows that the identical question presented under this assignment of error has been ruled upon by this Court adversely to appellant. Rose, Adm'r'x, v. Magro, supra. In our opinion, the former holding is correct, and no error intervened in overruling plaintiff's demurrer to plea three.

There is no bill of exceptions in this cause, hence we cannot review the action of the trial court in giving the charges, at the request of the defendant, which is made the basis of appellant's assignments of error numbered 12, 13, 14 and 15; nor can we review its action in refusing to give, at the request of the plaintiff, charges made the basis of assignments of error 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11.

For like reason, we cannot review the action of the court in overruling appellant's motion for a new trial. Anniston Lumber & Mfg. Co. v. Hughes, 226 Ala. 654, 148 So. 124; Protective Life Ins. Co. v. Wallace, 230 Ala. 338, 161 So. 258; Levert v. State, 220 Ala. 425, 125 So. 664.

It follows that the judgment appealed from will be, and is, affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.