## No. 5097.

### STATE OF LOUISIANA *v.* WILLIAM L. BOWER.

The point in this case is, that the judge erred in refusing a new trial on the showing made that one of the jurors was a British subject, and therefore incompetent to sit at the trial.

The record contains no mention of the reason of the judge for refusing the application for a new trial—whether because he found the fact not satisfactorily established, or whether, as a question of law, the defendant was not entitled to it—conceding the fact to be satisfactorily proved.

If the finding of the judge *a quo* was based on a question of fact, it can not be revised by this court, because, in criminal cases, only questions of law are cognizable by this tribunal. But assuming that the finding of the judge in refusing a new trial was upon a question of law, the conclusion of this court·is that he was correct.

The defendant, duly served with a list of the jurors by whom it was proposed that he should be tried, had ample opportunity to consider any objection he might have to their capacity or competency, and he should have made whatever objections he had at the time each juror was offered.

In his affidavit for a new trial, the defendant states that he did not know the fact of which he complains till after the trial. If he neglected to ask the juror at the time he was offered whether he was a citizen or not, it was a neglect of which he can not now complain.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn,* J. Criminal case. *Henry C. Dibble,* Assistant Attorney General, for the State. *Ryan,* for defendant.

WYLY, J. The defendant, who was tried and convicted of horse stealing and sentenced to the penitentiary for three years, appeals from the judgment of the court below. There is no bill of exceptions nor assignment of errors.

The objection is that the judge erred in refusing a new trial on the showing made that one of the jurors was a British subject, and therefore incompetent to sit at the trial.

The record contains no mention of the reason of the judge for refusing the application for a new trial—whether because he found the fact not satisfactorily established, or whether, as a question of law the defendant was not entitled to it, conceding the fact to be satisfactorily proved.

If the finding of the judge was based on a question of fact, it can not be revised by this court, because in criminal cases only questions of law are cognizable by this tribunal. But assuming that the finding of the judge in refusing a new trial was upon a question of law, we are of the opinion that his conclusion was correct.

The defendant, duly served with a list of the jurors by whom it was proposed that he should be tried, had ample opportunity to consider any objection he might have to their capacity or competency, and he should have made whatever objections he had at the time each juror was offered. 13 An. 276.

In his affidavit for new trial, however, the defendant states he did not know the fact of which he complains till after the trial. If he neglected to ask the juror at the time he was offered, whether he was a citizen, it was a neglect of which he can not now complain.

Judgment affirmed.