State vs. Saunders.

---

## No. 345.

STATE OF LOUISIANA VS. JAMES SAUNDERS.

44 973
113 208

There is no law requiring the judge to submit his written charge, requested by defendant, to counsel for scrutiny.

When the trial judge delivers his charge in writing, and there is no objection to it, it is to be regarded as complete and satisfactory as to the statement of the law governing the case.

After the written charge is delivered, and defendant's counsel prepares a special charge and requests the judge to give it to the jury, and he does so, with a qualification orally given, but afterward reduced to writing and read to the jury, the defendant has no just cause of complaint solely on the ground that the qualification was first orally stated to the jury.

APPEAL from the Twelfth District Court, Parish of Calcasieu. Fournet, J.

E. D. Miller and J. R. Land, District Attorneys, for the State, Appellee.

W. G. McDonald for Defendant and Appellant.

The opinion of the court was delivered by

McENERY, J. The defendant was indicted for murder, tried, convicted and sentenced to be hung. He appealed.

The first complaint of the defendant is that his counsel requested the judge to reduce his charge to the jury in writing, and to submit

the charge before delivering it to defendant's counsel. The judge at once signified his willingness to comply with Sec. 1966 of the Revised Statutes, but declined to submit it in advance to defendant's counsel. There was no error in the trial judge's ruling, as there is no law requiring him to submit his written charge to the counsel for defendant for his scrutiny before said charge is delivered to the jury.

The second ground of complaint is that the trial judge added a qualification orally to a special charge in writing offered by the defendant to go to the jury. The added charge or qualification to the special charge was afterward reduced to writing, and the jury brought back from their room and the charge reduced to writing was read to them.

There is no exception in the transcript to the general charge. It was complete, sufficient and satisfactory, which is evidenced by the absence of any complaint against it. The trial judge had fully complied with the law, Sec. 1966, Revised Statutes.

The judge was not bound to accept the additional instructions asked for by defendant. He could have refused the same, and his ruling would have been sustained if the general charge covered the points asked for in the special charge. The special charge was in writing, but reduced to writing by defendant's counsel. The defendant's counsel never requested that the judge deliver the special charge in writing; objection only was made when the judge orally qualified the special charge asked by defendant's counsel. There is no complaint as to the qualification of the special charge. Its correctness is not denied.

We may add that it was the judge's right and privilege to put the special charge, if requested, in writing in his own language.

The very fact of offering it, already prepared by defendant's counsel, was in fact a waiver of the right, that it should be delivered to the jury in writing, by the judge, in accordance with Sec. 1966. We see no reason to disturb the verdict.

Judgment affirmed.