Statement of the Case.
NICHOLLS, C. J.
On the 28th of April, 1904, the grand jury for the parish of Acadia found an indictment against the defendant, Foley, charging him with having committed burglary and larceny on the 22d of January, *207 1903. The accused was tried, and found guilty upon the indictment as found.
I-Ie moved in arrest of judgment, assigning as a ground for the same that there were no averments in the indictment of any fact which would suspend the operation or running of prescription, and on the face of the record prosecution for the crime was barred by limitation.
The court overruled the motion, and sentenced the defendant under the verdict, and he has appealed. The district judge assigned written reasons for his ruling, saying that the evidence on the trial showed that the crime was committed on January 22, 1904, and not 1903; that no objection was made to the evidence or the charge of the judge, and no special charges were asked for; that the date was evidently an error and oversight on the part of the district attorney in writing up the bill, and in not discovering the error prior to conviction.
Opinion.
The state invokes in support of the claim that the verdict and judgment of the district court should not be reversed the doctrine of aider by verdict, which this court declared recently (in State v. Hauser, 36 South. 396)[1] was recognized in Louisiana; and also the declarations made by the district judge. We cannot carry the doctrine of aider by verdict to the extent contended for. The district judge, as a matter of course, knew what evidence had been placed before the jury, and what exceptions, motions, or objections had been interposed by the accused; but when called upon to deal with a motion in arrest of judgment he was bound to confine himself to matters appearing on the face of the record, and this court is similarly. bound. In some jurisdictions the accused has the right to urge his plea of prescription through a motion to quash the indictment (Clark’s Criminal Procedure), but we have not been advised nor do we know of any statute which,.- should he have such right, would make it obligatory upon him to do so. On the contrary, we find that a plea of that kind was made in this court in State v. Davis, 44 La. Ann. 973, 11 South. 580, while that case was on appeal and sustained. This question is not a new one in Louisiana. See State v. Forrest, 23 La. Ann. 433; State v. Polite, 33 La. Ann. 1016; State v. Victor, 36 La. Ann. 978; State v. Joseph, 40 La. Ann. 5, 3 South. 405.
We have no alternative but to set aside the verdict and reverse the judgment.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the verdict of the jury in this matter be set aside, and the judgment of the court rendered upon the same be reversed, without prejudice to any legal right which the state may have to further prosecute the defendant.

 112 La. 313.