(91 South. 512)

No. 25159.

## STATE v. RHODES.

(April 17, 1922.)

*(Syllabus by Editorial Staff.)*

1. Criminal law &#x269C;147 — Prescription of six months does not apply when penalty may be either fine or imprisonment.

Under Rev. St. § 986, as amended by Act No. 50 of 1894, and Act No. 73 of 1898, pro-

viding a prescription of one year for prosecutions for any offense, with certain exceptions, and a prescription of six months for prosecutions, for any fine or forfeiture the prescription of six months does not apply, when the penalty may be either fine or imprisonment at the court's discretion.

**2. Criminal law ⊕147, 157—Prosecution for assault subject to one year prescription; prescription held not interrupted by filing of affidavit.**

Under Rev. St. § 986, as amended by Act No. 50 of 1894, and Act No. 73 of 1898, providing a prescription of six months against prosecutions for fines or forfeitures, and one year against prosecutions for offenses, and providing that an indictment or information for any crime or offense shall interrupt the prescription, a prosecution for assault, etc., under Act No. 107 of 1902, § 2, was subject to the prescription of one year, and the prescription could only be interrupted by information or indictment, and not by the filing of an affidavit, notwithstanding Act No. 123 of 1898, § 8, permitting prosecutions in the city criminal courts on affidavit.

**3. Indictment and information ⊕4—Prosecution in city criminal court may be on affidavit, information, or indictment.**

Under Act No. 123 of 1898, prosecutions in the city criminal courts are authorized on bill of information or indictment as well as affidavit, especially in view of section 10, providing for indorsement of the verdict or judgment on the indictment, information, or affidavit.

Charles M. Rhodes was convicted of assault, etc., and his conviction was affirmed by the criminal district court, and he applies for writs of certiorari and prohibition. Rule made absolute, and judgment and sentence annulled.

Walter B. Hamlin, of New Orleans, for relator.

Robert H. Marr, Dist. Atty., of New Orleans, for respondent Judges.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

BAKER, J. On the 15th of March, 1920, a police captain filed an affidavit in the First city criminal court for the parish of Orleans, charging that C. M. Rhodes had committed the crime of assaulting and beating and wounding one Ralph Butler, on the 14th of March, 1920. On the same day Rhodes appeared in court and gave bond for his appearance for trial.

There was no indictment or bill of information ever filed against defendant; and, as far as the record shows, there was no other proceeding had in the case until the 29th of August, 1921, when the case was fixed for trial. Defendant's attorney then filed a plea of prescription, founded upon section 986 of the Revised Statutes, as amended by Act 50 of 1894, p. 60, and Act 73 of 1898, p. 96. The plea was heard and overruled, and defendant was tried and convicted and sentenced to pay a fine of $50 or serve 90 days' imprisonment in the parish prison. He appealed to the criminal district court where the ruling, verdict, and sentence of the First city criminal court were affirmed. Defendant made application for a rehearing, which was refused. The case is before us on a writ of certiorari and a rule to show cause why execution of the judgment should not be prohibited.

Section 986 of the Revised Statutes, before the section was amended, declared:

"No person shall be prosecuted, tried or punished for any offense, willful murder, arson, robbery, forgery and counterfeiting excepted, unless the indictment or presentment for the same be found or exhibited within one year next after the offense shall have been made known to a public officer having the power to direct the investigation or prosecution. Nor shall any person be prosecuted for any fine or forfeiture under any law of this state, unless the prosecution for the same shall be instituted within six months from the time of incurring such fine or forfeiture. Nothing herein contained shall extend to any person absconding or fleeing from justice."

Act 50 of 1894 was merely a re-enactment of the statute, with the following sentence added, viz.:

"Nor shall the prescription and exemption hereinbefore provided apply to any conviction for a lesser crime or offense, under an indictment for willful murder, arson, robbery, forgery or counterfeiting, but on the contrary said prescription or exemption shall not be pleadable against such an offense."

Act 73 of 1898 is merely a re-enactment of the amended statute, with the expression "having power to direct the investigation or prosecution" changed to "having power to direct a public prosecution" and with the following paragraph added, viz.:

"In all criminal prosecutions for any crime or offense an indictment found, or an information filed, before prescription has from any cause accrued, shall have the effect of interrupting prescription; and if said indictment or information be quashed, annulled, or set aside, or a nolle prosequi entered, prescription shall begin to run against another indictment or another information based on the same facts, only from the time that said original indictment or said original information was quashed, annulled, or set aside, or a nolle prosequi entered; and the prescription and exemption hereinabove provided shall not apply to any conviction under said other indictment, but, on the contrary said prescription or exemption shall not be pleaded against such offense."

[1] The prescription of six months against a prosecution "for any fine or forfeiture" is not applicable to a prosecution for an offense for which the penalty may be either fine or imprisonment, at the discretion of the court. State v. Jumel, 13 La. Ann. 399. That prescription applies only to a prosecution for an offense for which the only penalty that can be exacted is a fine or forfeiture. It is applicable to such cases, however, even though the means of enforcing the penalty is by imprisonment "in default of payment" of the fine. State v. King, 29 La. Ann. 704, approving the concurring .opinion of Chief Justice Merrick in State v. Markham, 15 La. Ann. 500. In State ex rel. Teague v. Edwards, Judge, 107 La. 49, 31 South. 381, it was held that the prescription of six months, against a prosecution for an offense for which the penalty of a fine only could be exacted, commenced from the date of the offense, and was not suspended until the commission of the act was made known to an officer authorized to prosecute, as is the prescription of one year, against a prosecution for an offense for which the judge may, in his discretion, impose the penalty of imprisonment.

[2] We have considered the distinction which this court has so clearly drawn between the prescription of six months, against a prosecution for an offense for which the penalty of fine or forfeiture can be exacted, and the prescription of one year, against a prosecution for an offense for which the judge may, in his discretion, impose the penalty of imprisonment; because the statute itself also makes this distinction, viz.: Although the prescription of six months may be interrupted merely by the institution of a prosecution, by affidavit or otherwise, the prescription of one year can be interrupted only by the presentment of an indictment or bill of information. The prosecution in this case was subject to the prescription of one year, being for an offense for which the penalty, under section 2 of Act 107 of 1902, p. 161, is a fine not less than $10 nor more than $300, or imprisonment for a term not less than ten days nor more than six months, or both the fine and the imprisonment in the discretion of the court. The statute declares plainly that no person shall be prosecuted, tried, or punished for such offense unless the indictment or presentment for the same is found or exhibited within one year after the offense shall have been made known to a public officer having authority to direct a prosecution.

It is argued on behalf of the respondents, judges of the criminal district court, in their answer to the rule issued herein, that the purpose of the Act 73 of 1898 was to fix the period within which criminal prosecutions

had to be instituted or be forever barred; and that the reason why the Legislature mentioned the institution of prosecutions only by indictment or information was that, at that time, a prosecution could be conducted only on an indictment or a bill of information. Hence it is argued that when, by section 8 of the Act 123 of 1898, p. 181 (organizing the city criminal courts), it was declared that prosecutions in those courts might be on affidavit, the prescription of one year, under Act 78 of 1898, became "automatically" subject to interruption by the filing of an affidavit, as well as by presentment of an indictment or information. We have already observed, however, that the statute itself makes the distinction between the interruption of the prescription of one year, which can be accomplished only by an indictment or bill of information, and the interruption of the prescription of six months, which may be accomplished simply by the institution of a prosecution—which, we infer, means by affidavit or otherwise. Besides, there is no reason to presume that the members of the Legislature, while enacting Act 73 of 1898, overlooked the provision in article 9 of the Bill of Rights in the Constitution of 1898 that the Legislature might provide for the prosecution of misdemeanors on affidavits. The Constitution of 1898 went into effect on the 12th of May, and Act 73 of 1898 was approved on the 11th of July of that year. Act 123 of that year, providing for prosecutions on affidavits in the city criminal courts was approved two days later. Therefore we do not infer that Act 73 was finally disposed of before Act 123 was introduced, or before its provisions were thought of by the members of the Legislature.

[3] Section 10 of Act 123 of 1898 shows that prosecutions in the city criminal courts were authorized, not only on affidavits, but also on bills of information or indictment; but the section declares that the verdict or judgment of the court shall be indorsed on the instrument on which the accused was prosecuted, "whether an indictment, information or affidavit." Although it was not necessary that there should have been either an indictment or a bill of information for the purpose of conducting the prosecution, it was necessary that there should have been either an indictment or a bill of information for the purpose of interrupting the prescription of one year; for that is precisely what the law says. It may well be presumed that the Legislature contemplated that the law's delay would not prevent a prosecution or presentment of a bill of indictment or information within one year from the filing of an affidavit in any case. It is not disputed that the accusation was made known to the officers authorized to direct a prosecution when the affidavit was filed in the First city criminal court. State v. Gonsoulin, 38 La. Ann. 459. Our conclusion is that their authority to prosecute was barred by prescription one year thereafter.

The rule issued herein is made absolute, and the judgment and sentence complained of are annulled.