BBUNOT, J.
This is án appeal from a conviction and sentence by the judge of the city court of Alexandria.
Defendant was prosecuted and tried and convicted on' the following affidavit:
“Before me, the undersigned authority, personally came and appeared J. E. Carbo, who being duly sworn, deposes and says;.; That Stafford Cruse, late of the parish of Bapides, on or about the 14th day of December,, 1921y within the limits of' Alexandria ward, in- the parish and state aforesaid, with force of arms, willfully, maliciously and feloniously did unlawfully transport intoxicating liquor for beverage purposes, contrary to the forms of the *476 statutes in such cases made and provided, and against the peace and dignity of the state; that the said Cruse was tried, convicted and sentenced in the city court, of Alexandria ward, Rapides parish, La., on said charge on December 16, 1921, which sentence, on appeal to the Supreme Court of the state of Louisiana, was, on December 29, 1922, set aside and the case remanded to be proceeded with according to law, and prays that he be arrested and dealt with according to law.”
The affidavit was sworn to and subscribed on the 23d day of April, 1923. The defendant was tried on this affidavit, and was convicted and sentenced to pay a fine of $500 and to serve 60 days in jail, and, in default of the payment of the fine, to serve an additional 4 months in jail.
The record presents four bills of exception; but, as all of the bills are based upon prescription, they may be considered as one bill. They were reserved to the overruling by the court of defendant’s plea of prescription, defendant’s objection to the taking of testimony, defendant’s motion for a new trial, and defendant’s motion in arrest of judgment.
Opinion.
The only question presented in this case is whether or not an affidavit interrupts the prescription which bars the prosecution of a misdemeanor punishable by fine and imprisonment.
Section 988 of the Revised • Statutes was amended by Act No. 73 of 1898. Section 1 of the act is as follows:
“No person shall be prosecuted, tried or punished for any offense, willful murder, arson, robbery, forgery, and counterfeiting excepted, unless the indictment or presentment for the same be found or exhibited- within one year next after the offense shall have been made known to a public officer, having the power to direct a public prosecution. Nor shall any person be prosecuted for any fine or forfeiture under any law of this state unless the prosecution for the same shall be instituted within six months of the time of incurring such fine or forfeiture.”
In the case of State v. Rhodes, decided by this court April 17, 1922, and reported in 150 La. 1064, 91 South. 512, the court says:
“We have considered the distinction which this court has so clearly drawn between the prescription of six months, against a prosecution for an offense for which the penalty of fine or forfeiture can be exacted, and the prescription of one year, against a prosecution for an offense for which the judge may, in his discretion, impose the penalty of imprisonment; because the statute itself also makes this distinction, viz.: Although the prescription of six months may be interrupted merely by the institution of a prosecution, by affidavit or otherwise, the prescription of one year can be interrupted only by the presentment of an indictment or bill of information.”
In this case the defendant is charged with unlawfully transporting intoxicating liquor for beverage purposes, and he was prosecuted under the provisions of Act 39 of Extra Session 1921, which act prescribes both a fine and imprisonment for the violation of any of its provisions.
The agreed statement of facts in the record is that the offense was committed on the 14th day of December, 1921; that an affidavit charging the offense was made on the 16th day of December, 1921; that -for more than one year thereafter no charge by affidavit or otherwise was made; that no indictment or information has ever been filed against defendant ; and that the prosecuting officer had knowledge of the offense on the 16th day of December, 1921.
The admitted facts, the character of the offense, and the penalty prescribed therefor by section 3 of Act 39 of Extra Session 1921, bring this case clearly within the ruling of this court announced in State v. Rhodes, 150 La. 1064, 91 South. 512. •
In fact, the ease presented is equitably stronger than the Rhodes Case, because the original affidavit against this defendant was avoided by the judgment of this court, and the affidavit upon which he is now prosecuted was made one year and 8 months after knowl *477 edge of the offense was made known to the prosecuting officer.
It is therefore ordered that the judgment and sentence appealed from he set aside, and that the defendant be discharged.