THOMPSON, J.
 

 The accused was tried and convicted of the crime denounced by Act 192 of 1912, and from a sentence of one year in the penitentiary this appeal is prosecuted.
 

 The record contains eight bills of exception, duly reserved during the progress of the trial and proceedings had in' the court below.
 

 One of the bills presents such a patent and .manifest error, requiring the setting aside of the verdict and sentence, that it will not be necessary for us to consider the other bills.
 

 The indictment charges the crime to have been committed by the accused on October 15, 1923. It was returned into open court by the grand jury and filed on January 23, 1925, more than a year from the time the .crime is charged to have been committed. There is no allegation or statement in the indictment' to negative the fact that the crime had been prescribed when the indictment was found, such as, for instance,' that the offense had not been made known to any officer of the law having power or authority to direct a prosecution until within the year prior to the indictment, or that the accused had fled from justice.
 

 Section 986 of the Revised Statutes declares that:
 

 “No person shall be prosecuted, tried or punished for any offense [certain felonies excepted] unless the indictment or presentment for the same be found or exhibited within one year next after the offense shall have, been made known to a public officer having the power to direct the investigation or prosecution.”
 

 In considering this statute in the case of State v. Richard, 149 La. 574, 89 So. 697, we said:
 

 “When, therefore, the state undertakes to prosecute under an indictment which charges an offense committed more than a year prior to its finding, it proceeds in violation of a prohibitory law, unless it makes allegation that the offense was not made known, within the year, to any public officer having the power to direct the investigation or prosecution.”
 

 And in the case of State v. Bischoff, 146 La. 748, 84 So. 41, the court said:
 

 “We have uniformly held that, unless the indictment or information negatived prescription on its face (that is, if the offense was committed more than 12 months prior to the finding of the bill), no offense was charged.”
 

 See long list of authorities cited on page 767.
 

 The obvious reason why the state is required to negative the fact of prescription in the indictment is that, under the plain terms of the statute, there can be no prosecution—no person can be held for trial— for any offense committed more than a year before the indictment (save for those felonies specially excepted), except in two instances: Where the offense has not been made known to an officer, or where the party is a fugitive from justice.
 

 
 *389
 
 No question of. the burden of proof arises in this case of the interruption of prescription. In the absence of the sacramental allegation in the indictment to take the case out of prescription, the accused was not called upon to offer any proof to establish the fact that the crime was barred. That fact sufficiently appeared from the indictment itself.
 

 The trial judge in his per curiam states that the accused was arrested and bonded under an affidavit made against him on April 19, 1924, which was within one year from the time it became known to the officers.
 

 It is sufficient answer to say that the affidavit referred to did not interrupt prescription, nor did it dispense with the necessity of showing the interruption by proper allegation in the indictment.
 

 In State v. Rhodes, 150 La. 1064, 91 So. 512, and State v. Cruse, 154 La. 474, 97 So. 663, it was held that prescription which would prevent a prosecution for crime is not interrupted by an affidavit charging such crime. The only interruption is the filing of an information or the indictment by a grand jury.
 

 For the reasons assigned, the verdict and sentence are set aside, the indictment quashed, and the accused discharged.