*367
 
 ROGERS, Justice.
 

 Andrew Cheatham was tried, convicted, and sentenced for burglary, and has appealed.
 

 The indictment charged that the crime was committed on the 5th day of February, 1932, while the indictment, itself, was not found until the 27th day of February, 1933.
 

 After his conviction and before sentence,- the defendant filed a motion in arrest of judgment, on the ground that the crime of which he was convicted was prescribed.
 

 Article 8 of the Code of Criminal Procedure provides that: “No person shall be prosecuted, tried or punished for any offense [certain felonies excepted], unless the indictment, presentment or information for the same be found, exhibited or filed * * * within one year after the offense shall have been made known to the judge, district attorney or Grand Jury having jurisdiction. * * * >>
 

 Burglary is not one of the excepted offenses, and therefore, unless one of the causes exist for the suspension of prescription, the prescription for such crime is barred by the codal provision. But the indictment here contains no allegation of fact which would suspend prescription, and, on the face of the record, defendant’s prosecution for the crime charged is barred by limitation. State v. Foley, 113 La. 206, 36 So. 940; State v. Hoffman, 120 La. 949, 45 So. 951; State v. McNeal, 159 La. 386, 105 So. 381.
 

 However, the motion in arrest was over-, ruled by the trial judge, after he had permitted the state, over defendant’s objection, to introduce evidence tending to show the suspension of the.prescription appearing on the face of the indictment. This was error.- To admit proof on the trial of facts necessary to suspend prescription, it is essential that these facts be alleged in the indictment. State v. Victor, 36 La. Ann. 978; State v. Joseph, 40 La. Ann. 5, 3 So. 405.
 

 Counsel for the state submitted the case on the record, with the request that, if the conviction and sentence be annulled and the judgment arrested, the right be reserved to the state to prosecute defendant under a valid indictment.
 

 There are some adjudicated cases in which such a reservation has been made, but we fail to see the necessity therefor. If the state has the right to a further prosecution of the defendant for the offense charged, a reservation of the right is superfluous. On the other hand, if the state has not such right, no reservation by this court can create it.
 

 For the reasons assigned, defendant’s conviction is set aside, and the judgment, and sentence thereon are arrested.