*427
 
 OVERTON, Justice.
 

 Defendant was indicted for embezzling two checks Of the value of $400 and certificates of stock of the value of $600, which were intrusted to him by the Reverend Father Louis Savoure.
 

 When defendant appeared for arraignment, he appeared without counsel, and though the court cautioned him against'doing so, he insisted upon his right to represent himself. He was tried, found guilty, and had no bill of exception for reliance on appeal. Counsel came to his rescue after conviction, and, after examining into the case, filed a plea of prescription. To this plea, defendant attached a letter for the purpose of setting out by reference facts showing that the'district attorney had knowledge of the commission of the offense more than a year before the indictment was returned. Defendant also filed a motion for a new trial, which, although a bill was taken to its overruling, need not be noticed further.
 

 The bill of indictment alleged that the offense was committed on or about June 30, 1932. The bill was returned into court on October 17, 1933. As upon the face of the bill the offense was prescribed by the lapse of more than a year between the date of the crime and the return of the bill, the grand jury in the bill negatived prescription by alleging that the offense was not made known to the judge, district attorney, or grand jury, having jurisdiction, until November 3,1932.
 

 On the trial of the plea the defendant offered the letter attached to it to show that the district attorney had knowledge of the commission of the offense more than a year before the return of the indictment. The district attorney objected to the introduction of the letter, which was unquestionably relevant, on the ground substantially that it came too late, since the question of prescription was foreclosed by the verdict of guilty. The court sustained the objection, and defendant reserved the bill, now under consideration.
 

 The law provides that “no person shall be prosecuted, tried or punished for any offense, murder, arson, rape, robbery, forgery and counterfeiting excepted, unless the Indictment, presentment or information for the same be found, exhibited or filed, or unless an affidavit in misdemeanor cases that may be prosecuted by affidavit, be filed within one year after the offense shall have been made known to the judge, district attorney or Grand Jury having jurisdiction. *
 
 * *
 
 ” Code Cr. Proc. art. 8.
 

 In State v. Sullivan, 159 La. 589, 593, 105 So. 631, 632, this court, in construing a similar statute, namely Act No. 73 of 1898, said:
 

 “The statute not only protects the accused against conviction for any such offense (meaning one prescribed), but relieves him even of being tried therefor.”
 

 In State v. Bischoff, 146 La. 748, 767, 84 So. 41, 48, where the question of prescription was raised for the first time in a motion for a new trial, this court said:
 

 “We have uniformly held that, unless the indictment or information negatived prescription on its face (that is, if the offense was committed more than 12 months prior to the finding of the bill), no offense was charged. * * * ipiie jaw (j0gS not say merejy that the offense shall be prescribed, but that ‘no person shall be prosecuted, tried or punished,
 
 *429
 
 * * * ’ indicating that, if it be brought to the attention of the court at any time, from the initiation of the criminal proceedings to the end of the punishment, that the charge was not preferred within the period provided by the statute, the proceedings should be abated; and this would seem to justify the conclusion which we have heretofore reached that we might consider the matter, even though raised for the first time in a motion for new trial.”
 

 The Bischoff Case was modified on rehearing, but not upon the question when prescription may be pleaded. It was permitted, in that case, to be raised for the first time in a motion for a new trial. Clearly, the question may be raised for the first time after conviction, for the codal article not only pro-rides that no person shall be prosecuted or tried for a prescribed offense, but also that no person shall be punished for one. The sole way to give effect to the word “punished,” is to permit the defendant, notwithstanding the negation of prescription in the indictment to plead and show, even after conviction, that the offense was prescribed, when the bill was returned.
 

 As the lower court ruled that the plea came too late and refused to hear evidence on it, the sentence will have to be set aside, and the case remanded to enable the lower court to hear and consider evidence on the plea, and render such judgment as the law and the evidence may dictate.
 

 We find no merit in the remaining bills, and as to the assignment of errors, it rests on nothing appearing on the face of the record.
 

 For these reasons the sentence of the court is set aside; the case is remanded to the end that evidence may be heard and considered on the plea of prescription, judgment rendered thereon, and such further proceedings had as are agreeable to law.
 

 ST. BAUL, J., absent.