FOURNET, Justice.
 

 The defendants, J. David Oliver and Clovis Dardeau, have appealed from their conviction and sentence on an indictment charging them with the embezzlement of public funds belonging to the Parish of Evangeline. They rely for a reversal thereof on two bills of exception reserved to the rulings of the trial judge refusing to hear evidence in support of their two motions, in arrest of judgment and for a new trial, filed after conviction but before sentence. No bills of exception were reserved to any of the rulings of the trial judge during the trial.
 

 The plea in arrest of judgment is based on the ground that the indictment was defective in that (1) it failed to set out in detail the crime alleged to have been committed or to show that the money alleged to have been embezzled was the property of the Parish of Evangeline, and (2)that the charge against the defendants was prescribed, as the indictment was returned on April 13, 1939, more than a year after the alleged offense took place, i. e., March 13, 1937.
 

 An examination of the indictment unmistakably shows that it charged the defendants with having embezzled funds belonging to the Parish of Evangeline and described the crime in the language of the statute. La. Revised Statute, § 903. The record also reveals that the prescription was negatived in the indictment, that is, it was affirmatively set out in the indictment that the alleged offense was not made known to the judge, district attorney, Grand Jury, or other public officers having jurisdiction, until April 13, 1939.
 

 “The province of the motion in arrest of judgment is to assign some error patent on the face of the record, or some radical defect therein, the rule being that a defect that can be established only by the taking of evidence must be urged in a motion for a new trial and not in arrest; that is to say,
 
 the motion must depend on and be tried by the record itself.
 
 *' * *” 2 Marr’s Criminal Jurisprudence 738, p. 1145. See, also, Articles 517, '518, 284, 286, 287, 288, Code of Criminal Procedure. (Italics ours.)
 

 There being no error patent on the face of the record, the trial judge’s ruling declining to hear evidence in support of the motion in arrest of judgment and overruling the same was correct.
 

 In the motion for a new trial defendants renewed their plea of prescription, averring that the alleged offense of which they were convicted was made known to the district attorney more than a year before the indictment was returned and filed. They further averred in the motion that although jurors were carefully examined by defendants’ counsel on their voir dire with a view of ascertaining whether or not they had any interest in the outcome of the
 
 *1189
 
 case or whether they were related by blood or marriage to any of the witnesses, particularly to Mr. J. Btse. Gus Miller, the principal prosecuting witness, Alfred Veil-Ion, one of the jurors who voted for conviction, replied in the negative, thereby leading defendants to believe he would be fair and impartial, but that since their conviction they have learned that the said juror is a step-brother of the prosecuting witness, Miller, and that immediately after the trial he stated to one Gilbert Guillory that he “had to lie a little” to get on the jury and that the case had come out just as he wanted it. The motion also contained the allegation that the verdict of the jury was by a count of nine for conviction and three for acquittal, and that when the jury was chosen and completed defendants had one peremptory challenge left, which they had never exercised, and which they would have exercised had they known of the relationship between the juror Veillon and the witness Miller.
 

 The trial judge gave as his reasons for refusing to hear any evidence in support of defendants’ plea of prescription (1) that
 
 “*
 
 * * if the defendants wish to raise this question (plea of prescription) the same should have been done prior to going to trial; and that their failure to so do was a waiver of their rights to a hearing and determination of such plea;” (2) that as prescription was negatived in the indictment and witnesses were tendered by the state to show, and they did show to the satisfaction of the court, that the offénse with which the accused were charged was not known to any official authorized to investigate or prosecute same; and (3) that if the plea had been tendered prior to conviction on the evidence heard during the trial, the same would have been overruled.
 

 “No person shall be prosecuted, tried or punished for any offense, murder, arson, rape, robbery, forgery and counterfeiting excepted, unless the indictment, presentment or information for the same be found, exhibited or filed * * * within one year after the offense shall have been made known to the judge, district attorney or Grand Jury having jurisdiction * * Article 8, Code of Criminal Procedure. An indictment not negativing prescription is fatally defective. State v. Pierre, 49 La.Ann. 1159, 22 So. 373; State v. Foley, 113 La. 206, 36 So. 940; State v. Hoffman, 120 La. 949, 45 So. 951; State v. McNeal, 159 La. 386, 105 So. 381. On a plea of prescription the burden is on the accused tó prove that the offense with which he is charged had been made known to a competent officer more than a year previous to the return of the indictment. State v. Posey, 157 La. 55, 101 So. 869.
 

 The question of the right of an accused to tender a plea of prescription for the first time after conviction but before sentence in a motion for a new trial was squarely before this court, and was decided in the affirmative, in the case of State v. Block, 179 La. 426, 154 So. 46, 47. In that case the Court said: Clearly,
 
 the question may he raised for the first time after conviction,
 
 for the codal article not only provides that no person shall be prosecuted or tried for a prescribed offense, but also that no person
 
 *1191
 
 shall be punished for one. The sole way to give effect to the word ‘punished/ is to permit the defendant, notwithstanding the negation of prescription in the indictment to plead and show, even after conviction, that the offense was prescribed, when the bill was returned.” (Italics ours.)
 

 But the prosecuting attorney has attempted to distinguish the facts of the case at bar from those in the Block case in that evidence was introduced by the state in support of the allegations in the indictment negativing the prescription of the charge against defendants.
 

 An examination of the decision in the Block case shows that the court was of the opinion that, under the express provisions of Article 8 of the Code of Criminal Procedure, the accused may “* * *
 
 plead and show, even after conviction, that the offense was prescribed, when the bill was
 
 returned." To hold as contended for by the state in this case, would have the effect of giving the prosecuting attorney the power, by simply offering evidence during the trial of the case under the clause negativing prescription, to foreclose the right of the accused to plead prescription after conviction. In other words, the right of the accused to plead and prove prescription after conviction would depend upon the prosecuting attorney’s actions during the trial of the case, which, in effect, would be tantamount to taking that right away from him. (Italics ours.)
 

 We, therefore, conclude that the trial judge erred in declining to hear evidence on the defendants’ plea of prescription tendered in their motion for a new trial.
 

 We now pass to the question raised by the second ground urged by the defendants in their motion for a new trial, that is, the incompetency of the juror Alfred Veillon.
 

 “The incompetency of a juror, from whatever cause arising, must be urged before the juror is sworn in, and can not be set up for the first time after verdict unless the juror should have answered falsely on his examination as to the special disqualification subsequently set up by the accused.” Article 355, Code of Criminal Procedure. “ * * * The rule is stringent that the defendant, if he does not interrogate as to the qualifications of the juror, cannot take advantage of the want of the necessary qualification after verdict.
 
 * * * If the juror answers falsely, and this fact is afterwards ascertained for the first time after verdict, the disqualification may be urged as ground for a new trial.
 
 The fact of incompetency must be shown by other testimony than that of the juror.” State v. Whitesides, 49 La.Ann. 352, 21 So. 540, 541. See, also, State v. Kennedy, 8 Rob. 590; State v. Nolan, 13 La.Ann. 276; State v. Parks, 21 La.Ann; 251; State v. McLean, 21 La.Ann. 546; State v. Bower, 26 La.Ann. 383; State v. Bird, 38 La. Ann. 497; State v. Nash, 45 La.Ann. 1137, 13 So. 732, 734; State v. Keziah, 110 La. 11, 34 So. 107; State v. Vial, 153 La. 883, 96 So. 796; State v. Lewis, 161 La. 696, 109 So. 391. (Italics ours.)
 

 The trial judge stated in his per curiam that the juror Veillon, in answer to the questions propounded to him on his voir
 
 *1193
 
 dire, said he “* * * knew nothing of the facts of the case and that he had an open mind and that he knew nothing that would prevent him from being a good and impartial juror,” and “* * * that if the question had been asked of the juror if he was related to the state witness, J. Bte. Gus Miller, that he is the type of a man who would have answered truthfully.” Besides he was of the opinion that the fact that the juror Veillon is a step-brother to the state’s witness Miller did not disqualify him to serve as a juror in this case and is therefore not “a material fact;” nor were defendants’ rights prejudiced thereby, and, if such a fact is material, defendants failed to exercise due care and diligence to discover such fact before trial.
 

 We agree with the trial judge that the relationship between the prosecuting witness Miller and the juror Veillon (step-brother) is not in itself ground for disqualification. However, if it can be shown that he swore falsely to qualify as a juror in order to convict the defendants as alleged in the motion, we think such action is sufficient ground to disqualify him. The defendants having alleged in their motion that although they exercised due care and diligence they did not learn of the facts now urged in their motion for a new trial until after conviction, we think they are entitled to prove, if they can, the allegations of their motion.
 

 For the reasons assigned the sentence of the court is set aside; the case is remanded to the end that evidence may be heard and considered in support of the defendants’ motion for. a new trial on the plea of prescription and on the incompetency of the juror Alfred Veillon; to render judgment thereon; and to have such further proceedings as may be necessary and in accordance with the law.
 

 LAND, J., absent.