O’NIELL, Chief Justice
 

 (dissenting).
 

 The ruling on the plea of prescription in this case appears to me not consistent with the rule — which is well established — that a bill of information or indictment is absolutely null if it is filed a year or more after the date of the alleged crime and does not contain an allegation negativing prescription. The date stated in the bill of information in this case — as the date of the alleged crime — was within the year preceding the date of the filing of the bill of information; but, on the trial of the case, the fact was disclosed by a preponderance of the evidence that the date of the alleged crime was not within the year preceding the filing of the bill of information. The conviction, therefore, under a bill of information which did not negative prescription, was null, for the same reason that the bill itself would have been null on its face if it had disclosed that the date of the alleged crime was not within the year preceding the filing of the bill of information.
 

 In this case the bill of information, which was filed on February 26, 1941, charged that the defendant committed the crime of burglary “on or about” February 27, 1940. When it is alleged in a bill of information or indictment — for a crime of which time is not of the essence — that the crime was committed “on or about” a given date, the words “or about” are regarded as mere surplusage, and the charge is held to mean that the crime was committed on the date stated. It was so held with regard to an indictment for murder in the case of State v. McCarthy, 44 La.Ann. 323, 10 So. 673. The bill of information in the present case, therefore, charged, virtually, that the crime was committed on the 27th day of February, 1940,- — and was a valid bill of information on its face, for a crime committed on or after that date. Inasmuch as the bill of information was filed within the year following the 27th day of February, 1940, — -even though it was filed on the last day of that year, — it was not necessary for the district attorney to negative prescription by alleging that the crime was not “made known to the judge, district attorney or grand jury having jurisdiction”, a year or more before the filing of the bill of information. But the bill of information could not support a conviction for a crime committed a year or more before the bill was filed, — for the
 
 *956
 
 very reason that there was no allegation which would negative prescription in the event that the evidence should show that the crime was committed a year or more before the bill was filed.
 

 Although the phrase “on or about” does not invalidate a bill of information or indictment for stating the date of the alleged crime indefinitely, the phrase tends to admit that the crime might have been, committed a short time before, as well as a short time after, the date specified; and when the bill of information or indictment, charging that the alleged crime was committed “on or about” the date specified, is filed on the last day — or very near the end — of the year after the specified date of the crime, the phrase “on or about” necessarily leaves some doubt as to whether the 'crime was committed a short time before the date specified, — as well as some doubt as to whether the crime was committed a short time after the date specified. This is important because the party accused in such a case is not subject to prosecution — and a conviction would be -invalid— if the crime was in fact committed on a date more than a year before the filing of the bill of information or indictment, unless the bill contains an allegation negativing prescription. Therefore, if a bill of information or indictment charges that the crime was committed “on or about” a specified date which is very near the beginning of the year preceding the filing of the bill of information or indictment, the bill ought to contain an allegation negativing prescription, in order to obtain a valid conviction if the evidence should show that the crime was committed before the date specified; which allegation —negativing prescription — would do no harm nor good if the proof should be that the crime was committed on or after the date specified.
 

 As stated in the opinion rendered in this case, it was admitted by the attorneys at the hearing of the motion for a new trial that only three witnesses testified on the trial of the case as to the date of the alleged crime, and that they were all witnesses for the State. The first one of these witnesses testified that he was the manager of the gin which was burglarized; that the last time he entered the gin previous to February 27, 1940, was on December 20, 1939; that he discovered on February 27, 1940, that the articles alleged to have been stolen were missing; that he was unable to state whether the articles were removed from the building on February 27, 1940; “that the only time he could allege that they were stolen was between December 20, 1939, and February 27, 1940, as he had not entered the gin at any time between these dates; * •* * that the articles alleged to have been stolen could have been removed one day after December 20, 1939, and that he would not have discovered it until February 27, 1940, the date of the alleged commission of the offense.” The next one of the three witnesses testified that he bought from the defendant certain scrap iron, including a pulley, and other scrap material, which was alleged 'to have belonged to the gin company, whose gin was alleged to have been burglarized, but that he could not give the date on which he bought the material
 
 *958
 
 from the defendant, except that he knew that , the date was previous to the date on which the material was found in his possession, which latter date was February 27, 1940, the date of the alleged burglary. The third one of the witnesses testified that he saw the defendant leave the gin on the morning of February 27, 1940; that the defendant left through a window, but that the witness did not see any articles in the defendant’s possession .when he came out through the window.
 

 It appears therefore that the State not only failed to prove that the crime was committed on or after the 27th day of February, 1940, but actually showed by a preponderance of the evidence that the crime was committed before that date.
 

 I respectfully submit that the decisions which maintain. that a bill of information or indictment for a crime alleged to have been committed more than a year before the filing of the bill of information or indictment is null if the bill does not contain an allegation negativing prescription are applicable as well to a case where the evidence shows that the crime was committed a year or more before the filing of the bill of information or indictment. The decisions maintaining that a bill of information or indictment for a crime alleged to have been committed more than a year before the filing of the bill of information or indictment is null if it does not contain an allegation negativing prescription are the following: State v. Foster, 7 La.Ann. 256; State v. Freeman, 17 La.Ann. 69; State v. Bilbo, 19 La.Ann. 76; State v. Peirce, 19 La.Ann. 90; State v. Bryan, 19 La.Ann. 435; State v. Forrest, 23 La.Ann. 433; State v. Snow, 30 La.Ann. 401, 402; State v. Victor, 36 La.Ann. 978; State v. Joseph, 40 La.Ann. 5, 3 So. 405; State v. Davis, 44 La.Ann. 972, 973, 11 So. 580; State v. Pierre, 49 La.Ann. 1159, 22 So. 373; State v. Foley, 113 La. 206, 36 So. 940; State v. Hoffman, 120 La. 949, 45 So. 951; State v. Conega, 121 La. 522, 46 So. 614; State v. McNeal, 159 La. 386, 105 So. 381; State v. Cheathem, 178 La. 366, 151 So. 623; State v. Block, 179 La. 426, 154 So. 46; State v. Oliver, 193 La. 1084, 192 So. 725.
 

 It is well settled, especially by the decisions in State v. Block, 179 La. 426, 154 So. 46, and State v. Oliver, 193 La. 1084, 192 So. 725, that the defendant in a criminal prosecution may avail himself of the law of prescription by way of a motion for a' new trial after he has been convicted, even where the bill of indictment or information contains an allegation negativing prescription.
 

 The right of an accused person to have the -benefit of the law of prescription is a substantial right, founded upon the most obvious of reasons and upon a fundamental principle of justice. A year is a long time to allow the judge or district attorney or a member of the grand jury having jurisdiction — and having knowledge of the commission of a crime — to make up his mind that a prosecution should be instituted against the party accused or suspected.
 

 My inability to reconcile the decision rendered in this case with the decisions maintaining that a bill of information or indictment for a crime alleged to have
 
 *960
 
 been committed a year or more before the date of the filing of the bill is -null if it does not contain an allegation negativing prescription compels me to decline to subscribe to the decision rendered in this case.