KENNON, Justice.
 

 In 1936, the relator was found guilty of burglary in the nighttime and, after being adjudged a fourth offender, was sentenced to a life term in the State Penitentiary. No appeal was taken.
 

 On June 5, 1945, his attorney filed in the trial court a “Motion to Quash Illegal Information, set aside illegal verdict and annul illegal sentence, etc.”, alleging:
 

 “That, as will be seen from the record herein, under the No. 5464 of the docket of this Honorable Court, an Information was filed against your Mover, on October 29, 1936, by the Honorable Hewitt Boúanchaud, then District Attorney, wherein, your Mover was charged:
 

 “1. That your mover did * * * on the 24th day of July, 1931, in the nighttime, feloniously and burglariously break and enter into the merchandise store of one W. H. Duckworth, with intent to steal;
 

 “2. That your Mover had been convicted on the 9th day of July, 1921, of the crime of burglary, in the 2nd Judicial District Court in and for the parish of Bossier, and sentenced for not more than five years nor less than four years at hard labor in the state penitentiary.
 

 “3. That your Mover, on the said 9th day of July, 1921, had been convicted of the crime of larceny in the 2nd Judicial District Court in and for the parish of Bossier, and sentenced for a period of not more than 12 months nor less than 6 months at hard labor in the State penitentiary.
 

 “4. That your Mover, on the said 9th day of July, 1921, was convicted of the crime of burglary in the 2nd Judicial District Court in and for the Parish of Bossier, and sentenced for a period of not more than 10 years nor less than seven years at hard labor in the State penitentiary.
 

 “5. That you'r Mover, on the said 9th day of July, 1921, had been convicted of the crime of larceny, in the 2nd Judicial District Court for the Parish of Bossier, and sentenced to a term of not more than 2 years nor less than 1 year at hard labor in the State penitentiary,
 

 and further,
 

 “6. That the crime herein first charged is the same in Indictment filed in this court
 
 *397
 
 October 19, 1931, bearing number 4989 of the criminal docket of this court, contrary to the form of the statute, etc.’ ”
 

 The principal grounds alleged for setting aside the 1936 verdict and sentence and quashing the above information are:
 

 That the crime charged is prescriptible under Article 8 of the Louisiana Code of Criminal Law and Procedure; that paragraph 6 above quoted is not a sufficient negation of prescription and, therefore, the information is fatally defective; and that the district attorney committed reversible error by including in the information counts 2, 3, 4 and 5, charging the relator with having committed fou'r separate felonies in another parish, thereby prejudicing the petit jury by placing his character and criminal record before the jury, without his having taken the stand as a witness in his own behalf.
 

 The district judge ordered the prisoner to be brought from the penitentiary into court, and directed the State to show cause why the verdict should not be set aside, the sentence annulled, and the information quashed. After trial, he rendered judgment in favor of the State, dismissing the motion and orders to show cause predicated thereon. The relator presented a bill of exception and requested orders of appeal.
 

 The district judge declined to sign the bill of exception or to grant the appeal. Upon application by the relator, a rule was issued by this Cou'rt and a writ of certiorari, without a stay order, was directed to the district judge, the district attorney and the Attorney General.
 

 The State, in its answer to the relator’s application for writs, contends that the relator is without right of appeal because the prosecution terminated when he entered the Penitentiary to serve his sentence, but concedes that the relator was entitled to a writ of certiorari, in order that this Court might determine, under its supervisory powers, whether he was entitled to relief upon the face of the record. However, this point has passed out of the case, as the entire record is now before -us on certiorari and it contains fatal errors patent upon its face.
 

 The information filed October 29, 1936, charges a crime committed more than five years previously. The last paragraph does not constitute a sufficient negation of prescription. The statement “That the crime * * * charged is the same * * * ” as charged “ * * * in indictment filed * * * October 19, 1931”, amounts to a statement that prescription was interrupted on the date the first information was filed (October 19, 1931), and for all the 1936 information discloses, this 1931 charge could have been quashed or nol prossed, or disposed of by trial at any time prior to November 12, 1935 (one year before filing of the new charge). Thus, the information does not clearly negative prescription. This Court has uniformly held that an information or indictment which fails to negative prescription is fatally defective. State v. Bischoff, 146 La. 748, 84 So. 41, and cases cited therein; State v. McNeal, 159 La. 386, 105 So. 381; and State v. Oliver et al., 193 La. 1084, 192 So. 725.
 

 
 *399
 
 Likewise, the State contended that the recitals in paragraphs 2, 3, 4 and 5 of the four previous convictions did not render the information invalid and that these four recitals' of separate felonies previously-committed by the defendant could be considered as unnecessary allegations and rejected as surplusage.
 

 In State v. Brown, 185 La. 1023,171 So. 433, this Court held it is fatally defective for evidence of a prior conviction to go to a jury, stating: “ *
 
 * *
 
 ‘The general rule is that, when a man is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that other offenses committed by him are
 
 wholly
 
 excluded.’ ” (Italics ours.)
 

 To include in the information, upon which a defendant is placed on trial before a jury, accusations that the defendant had previously been convicted of four separate and unrelated felonies, has the effect of immediately placing his character and previous criminal record before the jury, without the defendant having taken the stand as a witness in his own behalf. This is prejudicial to the rights of the accused and fatal error.
 

 For the reasons assigned, the verdict rendered against the relator in this case is set aside, the sentence annulled, and the information quashed; the Superintendent of the State Penitentiary will deliver the relator, upon request, to the Sheriff of Pointe Coupee Parish, to be brought before the Eighteenth Judicial District Court for that Parish, to ' answer such further proceedings as may be brought against him.