PONDER, Justice.
On March 4, 1953, the relator was charged in an indictment with the offense of simple battery. It was alleged in the indictment “that the offense charged herein-above is based upon the same facts which form the basis of the indictment heretofore returned against the defendant. State of Louisiana v. Homer Ted Dooley, No. 31,527 on the Criminal Docket of Calcasieu, Parish.” The relator interposed a plea of prescription based on the provisions of LSA-R.S. 15:8. The plea was overruled and relator reserved a formal bill of exception to the ruling of the court. • The relator was tried and found guilty of the offense. He moved for a new trial which was overruled and thereafter the relator was sentenced to serve a period of ninety days in the parish jail. On application to this Court by the relator, writs were granted for the purpose of reviewing the ruling of the trial judge on the plea of prescription. The matter has now been submitted for our determination.
It appears that the relator was indicted on January 11, 1952 for manslaughter. On March 4, 1953 the relator was indicted for the offense of simple battery heretofore set out. On March 23, 1953 the manslaughter charge was nolle prossed.
The relator contends that the indictment for simple battery shows on its face that the prosecution of the offense is forever barred.
Under the provisions of LSA-R.S. 15:8 a person cannot be prosecuted, tried, or punished for any offense unless the indictment be found or filed within one year after the offense shall have been made known to. the judge, district attorney, or grand jury except the offenses enumerated therein. The offense' of simple battery is not excepted. It is further provided therein that if any indictment be quashed, annulled or set aside, or a nolle prosequi be entered the prescription of one year begins to run against the latter indictment based on the *983 same facts only from the time that the original indictment was quashed, set aside, annulled, or nolle prosequied.
It is well settled that an indictment which fails to negative prescription is fatally defective. State v. West, 105 La. 639, 30 So. 119; State v. Foley, 113 La. 206, 36 So. 940; State v. Hoffman, 120 La. 949, 45 So. 951; State v. Bischoff, 146 La. 748, 84 So. 41; State v. McNeal, 159 La. 386, 105 So. 381; State v. Cheatham, 178 La. 366, 151 So. 623; State v. Gendusa, 193 La. 59, 190 So. 332, certiorari denied Gendusa v. State of Louisiana, 308 U.S. 511, 60 S.Ct. 133, 84 L.Ed. 436; State v. Oliver, 193 La. 1084, 192 So. 725; State v. Jones, 209 La. 394, 24 So.2d 627, 628.
Proof of facts necessary to suspend prescription is not admissible unless the facts are alleged in the indictment. State v. Cheatham, cited supra. In the case of State v. Jones, supra, we had under consideration an indictment containing an allegation “ 'that the crime * * * charged is the same * * * ’ as charged ‘ * * * in indictment filed * * * October 19, 1931’ ”. This Court stated therein that an indictment which fails to negative prescription is fatally defective.
The indictment under consideration does not state what offense the relator was previously charged with or what disposition had been made of the case. We have, therefore, arrived at the conclusion that the indictment is fatally defective on its face for the reason that the allegations therein are not sufficient to interrupt prescription.
For the reasons assigned, the writs are made peremptory, the conviction and sentence are set aside and the relator is hereby discharged.
HAWTHORNE, J., dissents. See dissenting opinion in State v. Jones, 209 La. 394, 24 So.2d 627.