EDWIN A. LOMBARD, Judge.
| iThis appeal is from the sentence received by the defendant, Tommy L. Scott, for aggravated burglary at the resentenc-ing hearing held on July 30, 2015. After review of the record in light of the applicable law and arguments of the parties, the defendant’s sentence is affirmed.

Relevant Facts and Procedural History

In the early morning hours of June 11, 1992, M.H.[1] awoke to a man smothering her with a pillow and holding a knife to her throat. Her attacker, threatening to kill her and her fífteen-year-old son if she did not comply, demanded and took money from her wallet, raped her, and then placed her in a closet with orders not to move until he left the house. After he left, M.H. ran into her son’s room and told him what had happened; he set off the house alarm and called 911. M.H. related the events of the evening to the investigating officers and was taken to Charity Hospital for treatment and a sexual assault examination. The case remained dormant until November .2006 when a DNA match linked the defendant to the rape. Upon being contacted, M.H. advised the police that she wished to proceed with the prosecution in this matter.
|aOn February 15, 2007, the defendant was charged with one count of aggravated rape and one count of aggravated burglary based on the 1992 offenses. He pleaded not guilty on March 1, 2007. Defense counsel Sondra Borne withdrew from representation on January .31, 2008, and a week later (February 8, 2008), Stephen Singer appeared as counsel on behalf of the defendant. Following a competency hearing on July 10, 2008, the trial court found the defendant competent to proceed. On November 12, 2008, December 2, 2008 and May 12, 2009, Stephen Singer, Patrick McGinity and Rick Tessier, respectively, withdrew from representation of the defendant. Notably, none of -the attorneys representing him in the preliminary period of the proceedings challenged the timeliness of the institution of prosecution on the aggravated burglary charge.
After competency hearings on September 17, 2009, and February 24, 2011, the trial court found the defendant not competent to proceed to trial. He was declared competent to proceed to trial on August 11, 2011, and filed a motion on May 30, 2012, to represent himself at trial. After a hearing on July 17, 2012, the court found the defendant competent to proceed to trial pro se. That same day, however, the defendant withdrew his motion to repre *1250 sent himself pro se. After another hearing, on December 13, 2012, the trial judge found the defendant competent to proceed and ruled that he would be allowed to represent himself at trial, appointing Eddie Rantz as stand-in counsel to advise the defendant on procedural matters.'
On October 23, 2013, after a two-day trial, the jury found the defendant guilty as charged on both counts. On December 6, 2013, the defendant was sentenced on the aggravated rape conviction to life imprisonment without benefit of parole, probation or suspension of sentence, with credit for time served and a | a$276.50 fine. The trial court sentenced the defendant to serve twenty years without benefits on the aggravated burglary conviction and ordered that the sentences be served concurrently. That same day, the' State fifed a multiple bill relative to the aggravated burglary conviction, charging the defendant as a double offender. The defendant pleaded guilty to the multiple bill and, after vacating the original sentence on the aggravated burglary conviction, the trial judge' re-sentenced the defendant as a multiple offender (pursuant to La. Rev. Stat. 15:529.1) on that conviction to thirty years at hard labor without benefit of probation or suspension of sentence with credit for time served.
The defendant filed a pro se motion for new trial (which was denied) and then a motion to appeal his convictions and sentences. On appeal, this Court affirmed the defendant’s convictions and his sentence for aggravated rape but, because his conviction and sentence as a multiple offender on the aggravated burglary conviction was based oh a predicate offense that occurred after the 1992 offense, this Court vacated the defendant’s multiple offender adjudication and sentence, remanding the matter back to the trial court for resentencing on the aggravated burglary conviction. State v. Scott, unpub., 2014-0599 (La.App, 4 Cir. 4/22/15), 2015 WL 1880509.
On June 11, 2015, with an appointed stand-in defense counsel, the trial court vacated the defendant’s multiple offender adjudication and sentence based on the defendant’s aggravated burglary conviction. The defendant was then resentenced to twenty-five years at hard labor without benefit of probation or suspension of sentence (with credit for time served) on the aggravated burglary conviction. The defendant filed a notice of appeal, complaining that his new sentence of twenty-five years for aggravated burglary exceeded the sentence he initially received. On 14July 30, 2015, with Stanislav Moroz as stand-in counsel, the defendant was resen-tenced to twenty years on the aggravated burglary conviction.
The defendant filed a pro se.motion to appeal the sentence received on July 30, 2015. On August 28, 2015, attorney Amanda Crowley-Fraser of the Orleans Public Defender’s Office (OPD) filed in the district court a Motion to Quash the burglary charge and Motions to Reconsider Sentence, for Appeal and Designation, of Record on behalf of the defendant, although neither she nor OPD were counsel of record or acting under any other apparent authority on behalf of the defendant. The district court judge signed an order on September 18, 2015, granting the defendant’s pro se motion for appeal and appointing the Louisiana Appellate Project as appellate counsel, noting that Ms. Fraser’s motions were not considered because neither she nor OPD had standing to represent the defendant.

Assignments of Error 1 & 3

In his first and third assignments of error, the defendant (represented on appeal by the Louisiana Appellate Project) challenges the timeliness of the institution of the prosecution for aggravated burgla *1251 ry, arguing that the trial judge erred in denying the motion to quash filed by Ms. Fraser on August 28, 2015.[2] Appellate counsel points out that the bill of information filed on February 15, 2007, charging him with aggravated burglary in 1992 exceeded the six year1 limitation for institution of proceedings for a felony pursuant to La, Code Crim. Proc. art. 572 and, thus, is untimely. Appellate counsel argues that because La. Codé Crim. Proc. art. 577 places no time constraints on raising the issue of the timeliness of the prosecution, this issue may be raised for the first time on appeal. [5The State concedes that the defendant’s “prescription argument is not completely unsupported,” citing State v. Jones, 209 La. 394, 24 So.2d 627 (1945), but arguing that La. Code Crim. Proc. art. 577, enacted in 1966, overruled this jurisprudence and, thus, “prescription is not an error patent” to be considered on appeal.
Notably, neither appellate counsel, nor the State address the procedural posture of this case and its effect on this issue. The timeliness of institution of prosecution and whether it' may be raised for the first time on appeal is not the issue for resolution in this case because the issue was not raised in the defendant’s appeal of his aggravated burglary' conviction which has already been affirmed on appeal by this court. State v. Scott, supra. No motion for reconsideration of the judgment affirming the conviction has been filed in this court and, accordingly, that judgment is final. La. Code Crim. Proc. art. 922(B).
To reiterate, the defendant’s conviction for aggravated burglary was affirmed'by this court and the case was remanded to the trial court only for resentencing on the aggravated burglary. Ms. Fraser and the OPD were not counsel of record, had not been appointed to represent the defendant, and.had no apparent authorization from the defendant to file motions on his behalf. Moreover, because the defendant’s conviction for aggravated burglary had already been affirmed on appeal, the district court was without authority to quash the underlying indictment at this stage in the proceedings even had the motion been filed by counsel of record. See La. Code Crim. Proc. art. 916.
The motion for appeal granted by the trial court in this case correctly referenced only an appeal of the sentence, not the underlying conviction. Thus, the tissue before us in this appeal is necessarily restricted to the sentence imposed on the defendant for his burglary conviction at the resentencing hearing on July 30, 2015. There is no authority, nor do we wish to establish such a precedent, wherein a remand for resentencing on a conviction already affirmed by this court reopens the underlying conviction to another challenge in either the trial court or the appellate court.
Accordingly, the trial court did not err in refusing to consider the merits of the defendant’s motion to quash upon remand for resentencing. Likewise, because this issue is not properly before us, we do not consider the merits of the argument as to whether the prosecution for aggravated burglary was timely instituted.

Assignment of Error 2

In a second assignment, the defendant complains that the district court *1252 erred when it assumed that the defendant again chose to represent himself pro se at his resentencing hearing and did not first hold a hearing to determine whether he waived his right to counsel. The defendant argues that the trial court’s inaction denied him his constitutional right to counsel.
The defendant in this case represented himself at trial, and this Court on appeal determined that he was competent to do so. State v. Scott, unpub., 2014-0599 (La.App. 4 Cir. 4/22/15). A competent election by the defendant to represent himself and to decline the assistance of counsel once made before the court carries forward through all further proceedings in that case, unless the defendant expressly requests that counsel be appointed for subsequent proceedings, or circumstances suggest that the defendant’s waiver was limited to a particular stage of the proceedings. State v. Sopczak, 2009-0400 (La.App. 1 Cir. 12/23/09), 2009 WL 4981468, citing State v. Carpenter, 390 So.2d 1296, 1298-1299 (La.1980). Although j -¡.appellate counsel contends the defendant terminated his self-representation when he requested that the court appoint counsel for his appeal, nothing in the transcripts of the defendant’s resentencing on June 11, 2015, and July 13, 2015, indicated he wished to rescind or change his original determination to proceed pro se. In fact, when the district court judge suggested that attorney Eddie Rantz explain a statement made by the judge at the June 2015 hearing, the defendant refused Mr. Rantz’s assistance.
The record indicates the district court judge asked an attorney to serve as stand-in counsel during all of the resentencing hearings because the defendant was a pro se litigant. Having heard that the district court considered him to be acting pro se during resentencing, the defendant did not object or notify the court that he no longer wished to proceed pro se, nor did he request the assistance of counsel. This assignment of error is without merit.

Conclusion

The defendant’s sentence is affirmed.
AFFIRMED.

. As is the custom of this Court, we refer' to ■ the victim of the sex crime in this case only by her initials.

. The record indicates the defendant also filed a pro se Motiori to Quash on May .23, 2012, seeking to quash the aggravated rape prosecution on the basis of untimeliness under La. Code Crim. Proc. art. 572(B)(2), but, notably, La. Code Crim. Proc. art. 577 provides that .prosecutions -for any sex offense is extended beyond the prescribed time periods if the offender s identity is established through the use "of a DNA profile; thus, this argument is meritless.